## McPHAIL *v.* THE STATE.

1. Where a motion for a new trial is made in term and set for a hearing in vacation, and for any reason is not disposed of in vacation, it is in order for hearing and disposition during the term without notice.
2. The evidence warranted the verdict, and no reason appears why the judgment overruling the motion for a new trial should be reversed.

Argued November 17,—Decided December 9, 1902.

Indictment for murder. Before Judge Roberts. Irwin superior court. August 8, 1902.

*McDonald & Quincey*, for plaintiff in error. *John C. Hart, attorney-general*, and *John F. DeLacy, solicitor-general*, contra.

CANDLER, J.    At the March term, 1902, of the superior court of Irwin county, McPhail was tried and convicted on an indictment charging him with the offense of murder.   At the same term the defendant made a motion for a new trial, and the presiding judge granted a rule nisi calling upon the solicitor-general to show cause at such time and place as should be further ordered by the court, upon ten days notice to each party, why a new trial should not be granted.   The motion was afterwards set for a hearing at Eastman on August 6, 1902, at chambers, and was duly heard at that time, the court reserving its decision until August 8, at which time the motion was overruled.   The defendant tendered to the court a bill of exceptions, in which error was assigned on the hearing of the motion on August 6 without having given the ten days notice "required by law and by the order."   So far as the record shows, the tendering of the bill of exceptions, complaining of the hearing of the motion without giving the notice provided for by the order, was the first occasion upon which the attention of the trial judge was called to this point.   Before the bill of exceptions was certified by the judge, the solicitor-general presented the following motion: " Now comes J. F. DeLacy, solicitor-general, and shows to the court that the above-stated motion came on to be heard upon notice given, which was not served within ten days, and, relying upon the belief that ten days notice was waived, the motion was decided by the court and a new trial refused.   It now appears that exception has been taken to the decision, upon the ground that ten days notice was not given movant before the hearing.   Wherefore, to obviate any legal difficulty, and to give the movant the ten days notice, said solicitor-general prays that an order be granted requiring movant to show cause why the judgment on said motion for new trial refusing the same should not be set aside, and the said motion for new trial reinstated."   Upon this motion the court passed the following order: " Upon reading and considering the foregoing motion of the solicitor-general, it is ordered by the court that the counsel for movant in said motion for new trial show cause before me at Irwinville, Georgia, on the 10th day of September, 1902, why said motion for new trial should not be reinstated as prayed for."   The motion and order were dated August 27, 1902.   On September 10, which was during the regular September term of Irwin superior court, an order was passed setting aside the order re-

fusing a new trial and reinstating the motion. On the following day, September 11, the motion was heard a second time, and the court again passed an order refusing a new trial. When the motion was called for a hearing on September 11, counsel for the movant objected to proceeding with the hearing, on the ground that he had not had the ten days notice provided for by the original order; but this objection was overruled by the court.

1. It will be observed that there was no objection, on the part of counsel for the accused, to the setting aside by the court of the first order denying a new trial. This was a consent order passed in term time, and we are left to determine whether or not the court erred in hearing the motion, over objection by counsel for the accused, during a regular term of the court, without giving the ten days notice provided for in the original order. The sole objection made by counsel to the hearing of the motion on September 11 was that he had not had that notice, but the record does not disclose that he advanced any reason why the hearing of the motion should be further delayed. The first order, providing for ten days notice of the time and place of the hearing of the motion, evidently had in view the hearing of the motion in vacation. The act approved December 14, 1895 (Civil Code, §§ 4323 et seq.), was intended to apply only to hearings in vacation. When, upon motion of the solicitor-general, the court, with the consent of counsel for the accused, passed an order setting aside the first order denying a new trial, the motion stood upon the docket of the court just as did any other motion pending therein, and, in the absence of any legal showing for a continuance or postponement, could be heard during the regular term of the court. The courts of this State have power to call and hear, during a regular term, any matter pending therein, and this without notice to anybody. The law supposes that counsel having business in a court are always present at its sessions; and it appears by the record in this case that when the motion was called on the day following the order reinstating it, counsel for the accused was present, and that the only objection made to the hearing was that the ten days notice had not been given which was provided for in the original order. This court has held in a number of cases that jurisdiction to proceed in term is not lost by an order to hear at chambers. From the record in this case it appears that the first hearing, on August 6, was improvidently had;

and when the court in term time, without objection on either side, set aside the order passed in vacation, the motion stood upon the docket as any other motion thereon, and so remained until called up in its order. See *Helmly* v. *Davis*, 111 *Ga.* 860, and cases cited; Civil Code, § 5485.

2. The foregoing disposes of the only question presented by the record in this case which requires discussion. The motion for a new trial contains only the general grounds, that the verdict was contrary to law and the evidence. A careful review of the testimony shows that the conviction of the accused was amply warranted by the evidence, and no reason appears why the judgment of the court below should be disturbed.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*