## MUTUAL LIFE INSURANCE COMPANY OF NEW YORK
### *v.* HAMILTON, administratrix.

Where a term order, duly granted, to hear a motion for a new trial in vacation, recites "that it is impossible to make out and complete a brief of the testimony in such case before adjournment of court," and provides "that the movant have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case, and the presiding judge may enter his approval thereon at any time either in term or vacation, and if the hearing of the motion shall be in vacation, and the brief of evidence has not been filed in the clerk's office before the date of the hearing, said brief of evidence may be filed in the clerk's office at any time within ten days after the motion is heard and determined," and the hearing is regularly continued several times, by consent, during vacation, each order of continuance preserving all the rights of the movant under the original term order, and upon the last day set for a hearing in vacation no hearing is had and no further order granted, by reason of the absence of the presiding judge, the motion goes over to the next term, at which it stands for a hearing, upon which the movant may present the brief of evidence for approval, and, after it has been approved, have the same filed.

Applying the rule above announced to the facts of this case, the court erred in dismissing the motion for a new trial.

Argued December 15, 1903. — Decided January 12, 1904.

Motion for new trial.    Before Judge Butt.    Muscogee superior court. ' February 21, 1903.

*J. H. Gilbert* and *H. V. Hargett*, for plaintiff in error.
*Hatcher & Carson*, contra.

Fish, P. J.    On May 15, during the May term, 1902, of the superior court of Muscogee county, the case of Perry Hamilton, administratrix of W. T. Hamilton, against the Mutual Life Insurance Company of New York, was tried and resulted in a verdict for the plaintiff.    On May 16, during the term, the defendant filed its motion for a new trial, and on the same day the court granted an order reciting and providing, that, as it was "impossible to make out and complete a brief of the testimony in said case before adjournment of court, it is ordered by the court that said motion be heard and determined on the 17th day of June in vacation, in judge's chambers at Columbus, Ga., . . and that movant may amend said motion at any time before final hearing." The order further provided, " that movant have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case, and the presiding judge may enter

his approval thereon at any time, either in term or vacation, and if the hearing of the motion shall be in vacation, and the brief of evidence has not been filed in the clerk's office before the date of hearing, said brief of evidence may be filed in the clerk's office at any time within ten days after the motion is heard and determined." On June 17, the motion was continued to be heard on June 28, by an order to that effect, which contained the following provision: " . . ordered that the plaintiff be allowed until the 28th day of June, 1902, to file his brief of the testimony and amended grounds for new trial; and if not filed at that time, then movant is entitled to all the privileges heretofore granted in the original motion to file any time before the hearing of the motion." On June 28, the motion was continued, by consent, to be heard on August 2, the order providing "that the movant have until that day inclusive to make out and file a brief of the evidence had at the trial of said case, and have all other and further rights, etc., as though said motion were heard and determined at the regular May term of said term." On August 2, the motion was continued by consent, to be heard on August 12, the order for the continuance providing "that the movant have until that day inclusive to make out and file an amended motion for new trial, and a brief of the evidence had at the trial of said case, and have all other and further rights, etc., as though said motion were heard and determined at the regular May term of said court, without any injury to movant, and with all rights first accorded movant in his motion for new trial." On August 12, the movant appeared at the time and place set for the hearing by the last-mentioned order, with a prepared brief of the evidence, but neither the presiding judge nor the respondent, or her counsel, was present. Nothing more was done in reference to the motion until the following November term of the court. When, during this term, the motion for a new trial was called in its order, respondent moved to dismiss it, "for failure of movant in preparing and filing and having approved the brief of evidence in said case, on or before 12th Aug., 1902, it not having on said day obtained an order extending said time within which a brief of the evidence could be approved and filed in said motion;" alleging "that the May term, 1902, was adjourned after the expiration of the 12th Aug., 1902, as to said motion, and that movant can not now file its brief of

the evidence in said case." Upon the motion to dismiss, the court passed the following order: "Upon call of the above case, the respondent moved to dismiss the motion for new trial, upon the ground that no brief of evidence had been filed in the clerk's office or approved by the court in said case. It appeared by orders regularly granted that said case was tried at May term, 1902, and a motion for a new trial filed, and an order granted extending the time for hearing until 17th June, when an order was granted extending time for hearing until 28th June, when another order was granted to Aug. 2d, when another order was granted extending time until 12th Aug., 1902: Each order giving the right to prepare and file his brief of evidence, it appearing that the time of filing and preparing a brief of evidence had expired and that no brief of evidence was filed, it is ordered and adjudged that the motion be and is hereby dismissed," etc. To this order of dismissal the movant excepted.

It is clear, we think, that the original term order of May 16 gave the movant in the motion for a new trial until the final hearing thereof to prepare, have approved, and to file a brief of evidence. The reason recited in that order for hearing the motion in vacation was that it was "impossible to make out and complete a brief of the testimony in said case before adjournment of court." After expressly giving the movant until the hearing, whenever it might be, to prepare and present for approval a brief of the evidence and providing that the judge might enter his approval thereon at any time, either in term or vacation, the order provided that if the hearing should be in vacation and the brief of evidence had not been filed before the hearing, then it might be filed within ten days after the motion had been heard and determined, thus showing that it was not contemplated that the brief of evidence should be filed until it had been approved. It appears, from each of the orders continuing the motion for a new trial, from the motion of the respondent to dismiss it, and from the order of the court dismissing the same, that the court and counsel for both sides recognized that, under the original term order and the orders of continuance, the movant in the motion for a new trial had until August 12, 1902, to prepare, present for approval, and to file a brief of the evidence in the case. The movant did not, in any of the orders for continuance of the motion for a new trial, consent

to a limitation of its right, under the original term order, to have a brief of the evidence approved and filed upon the final hearing, but such right was expressly reserved in each of such orders of continuance. As the motion was not heard on August 12, the last day, in vacation, set for the hearing, and, through no fault of the movant, no order was then passed in reference to the motion, it went over, by operation of law, to the succeeding November term. Civil Code, § 5485. When called in its order, the movant was ready with a brief of evidence, which its counsel presented to the judge for approval, and asked leave to file the same. The court declined to approve it, or to permit it to be filed, but dismissed the motion for a new trial, because, as the court held, the time for preparing and filing the brief had expired on the 12th of August. For the reasons above stated, we think the court erred in this ruling; and the judgment below must, therefore, be

<em>Reversed. All the Justices concur.</em>