## 1700.   JAMES v. JOHN FLANNERY COMPANY.

1. Where, by an order duly granted in term time, the hearing of a motion for new trial is set for a date in vacation, and it is provided that "the movant have until the hearing, *whenever it may be*, to prepare and present for approval a brief of the evidence in said case, and the presiding judge may enter his approval thereon at any time, either in term or vacation," and that "if for any reason this motion is not heard and determined before the beginning of the next term of this court, then the same shall stand on the docket until heard and determined at said term or thereafter," and the hearing is regularly continued several times by consent, during vacation, the motion goes over to the next term, at which term it would stand for hearing.   And unless it be made to appear that the failure to hear the motion or to file a brief of the evidence was the fault of the movant, the motion would stand for hearing at the next succeeding regular term of the court, unless by appropriate order the hearing was set for an earlier date.

(*a*) The power of the court to pass appropriate orders in term time is plenary, and an order permitting the filing of the brief of evidence in a motion for new trial at a time subsequent to the next regular term of court, is not error, unless it appear that the failure to sooner file the brief was the fault of the movant.

(*b*) Section 5485 of the Civil Code is addressed to the sound discretion of the trial judge, and it will be presumed, in the absence of a clear showing to the contrary, that this discretion was not abused.

2. The trial judge having erroneously stated the contentions of the defendant, and this error being, in his judgment, prejudicial to the plaintiff, it was not error to grant a new trial, although the verdict set aside was a second verdict in favor of the defendant.   While it would be error to grant a second new trial where there was only a conflict of evidence and no error of law was committed, and the evidence was sufficient to authorize the verdict which had been twice successively rendered, this rule does not apply where the verdict rendered may have been induced by an error of law prejudicial to the losing party.

Complaint, from city court of Blakely—Judge Jordan.   January 25, 1909.

Argued March 30,—Decided November 9, 1909.

*Pottle & Glessner,* for plaintiff in error.

*O'Connor, O'Byrne & Hartridge,* contra.

RUSSELL, J.   The trial of this case having resulted in a verdict in favor of the defendant, the plaintiff made a motion for a new trial.   An order granted by the court at the same term provides that the motion shall be heard on November 25, 1908, "in vacation," and proceeds as follows: "If for any reason this motion is not heard and determined at the time and place above fixed, it is ordered that the same shall be heard and determined at

such time and place in vacation as counsel may agree upon, and upon failure to agree, then at such time and place as the presiding judge may fix on the application of either party, of which time and place the opposite party shall have at least five days' notice. If for any reason this motion is not heard and determined before the beginning of the next term of this court, then the same shall stand on the docket until heard and determined at said term or thereafter. It is further ordered that the movant have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case, and the presiding judge may enter his approval thereon at any time, either in term or vacation; and if the hearing of the motion shall be in vacation, and the brief of the evidence has not been filed in the clerk's office before the date of the hearing, said brief of evidence may be filed in the clerk's office at any time within ten days after the motion is heard and determined." On November 25, the date originally set for the hearing, an order was granted continuing the hearing until December 4; on December 4 it was continued to December 21, which was in a regular term of the court, and on that day it was continued until the third Monday in January, 1909. On the day last mentioned (January 18), during a regular term, the court continued the hearing until January 21, on which day it was continued until January 25, 1909, when the motion was heard and granted. None of these orders repeated the broad provisions of the original order. They merely continued the hearing for the reason that the movants were not able to present a brief of the evidence. When the brief of the evidence was presented on the day of the hearing, and before it was approved or filed, the respondent moved to dismiss the motion for new trial, upon the following grounds: "(1) Because no brief of the evidence has ever been filed or presented for approval at any time prior to this date, January 25, 1909. (2) Because no brief of evidence was filed or presented on or before November 25, 1908. (3) Because the effect of the order granted in said case on November 21, 1908, was to continue the term, relatively to said motion, until November 25, 1908, and the brief of evidence should have been presented for approval or filed on or before said date November 25, 1908. (4) Because neither in the order of continuance granted on November 25, 1908, nor in any subsequent order of continuance,

was the right reserved or granted to file or present for approval a brief of the evidence at any time after November 25, 1908. (5) Because neither on December 21, 1908, which was in term time, nor on the 18th of January, 1909, which was also in term time, was any brief of evidence filed or presented for approval, nor did the order passed on December 21, 1908, nor on January 18, 1909, allow or reserve the right to present for approval or file a brief of the evidence on any other date."

The defendant excepted to the overruling of this motion, and to the order granting a new trial, and also assigned error upon the overruling of a demurrer to the plaintiff's petition.

The exceptions to the overruling of the demurrer were properly preserved pendente lite; but not only do the objections raised by the demurrer appear to have been cured by the amendments offered by the plaintiff, but it further appears that the complaint as to the ruling upon this point is abandoned, no reference being made thereto in the brief.

1. The first question which presents itself for our consideration, therefore, is, whether the court erred in overruling the motion made by the respondent, James, to dismiss the motion for new trial, upon the ground that no brief of evidence had been timely filed. We have been unable to find a case in which identically the same state of facts existed. The contention of the plaintiff in error is, that while the original order of November 21st gave the movant the right to file the brief any time up to and during the December term, 1908, still, if the brief was not filed within that time, an order should have been taken *at that term,* preserving the right to file the brief at that term. Section 5485 of the Civil Code provides that "Where an order is taken to hear a motion for a new trial in vacation, the brief of evidence must be presented for approval within the time fixed by the order, or else the motion will be dismissed. At the time fixed for the hearing, the judge may finally approve the motion and brief, with all amendments thereto, and pass on the motion, with the right to either party to except as in term time; but the judge in his discretion, before or at that time, may adjourn the hearing to another date in vacation, with like power, or until the next term. Where through no fault of the movant a motion is not heard in vacation, or where a hearing is adjourned to the next term, the

motion stands for hearing in term as if no order had been taken." It will be noted that the language is "the brief of the evidence must be presented within the time fixed by the order." In the present case the order allows the brief to be presented for approval at the hearing, *whenever that may be,* with the right that the brief may thereafter be filed at any time within ten days after the motion is heard and determined. The real question is whether the power of the judge to continue the hearing, by order passed in term time, was exhausted by reason of the fact that a term intervened at which the brief of evidence was not filed, and at which no additional order was taken extending the time in which it might be filed. We are of the opinion that the provisions of § 5485 confer upon the court plenary power, by means of an order duly passed in term, to set the hearing of a motion for a new trial at such a day in vacation as the court may deem proper, and to give whatever direction he may see fit as to the filing of the brief of evidence. The trial judge has no other power in vacation than to continue the hearing and keep the motion in the same status in which it was fixed by the order granted in term time; that is to say, he can not extend the privileges then granted. He may curtail them when it appears necessary, by fixing a certain day, by which time the brief of evidence shall be presented or filed, upon penalty of dismissal if the order is not obeyed. But where, as in the present case, it is expressly provided, under the authority of the court then in session, that the movant shall have until the hearing to prepare and present the brief of evidence, this exercise of the court's power will continue of full force, at least until withdrawn by an appropriate order.

In the case at bar it appears that December 21, which was a date fixed for the hearing, was one of the days of the December term of court, and the contention of the plaintiff in error is, that as no order was then passed allowing an extension of the time within which a brief of the evidence might be filed, the force and vigor of the previous order was exhausted, and the motion died for want of a brief of evidence. We are of the opinion that if for any reason the hearing was not had at the December term (unless, in the discretion of the court, the failure to hear the motion was the fault of the movant), the motion would, under the original order of the court, stand in the same condition, so

far as the right to file a brief later was concerned, as if the day set for the hearing had been in vacation instead of in term time. There is no reason why it should not. When it does go over, it stands for hearing in term time as if no order had been taken. We apprehend that these words, "as if no order had been taken," refer merely to the order continuing the hearing; for it certainly can not be taken to extend so far as to mean that the judge could not, in his sound discretion, for any proper reason extend the time for amending the motion or for perfecting it by the filing of a proper brief of evidence. Whether the hearing of this motion was continued to the next December term of the court or not does not affirmatively appear in this record. The hearing was continued to a day which fell within the December term, but it may still have been the intention of the court to hear the case at chambers during some temporary recess of the court, either in the day or at night. But if by the terms of the order it had been continued to the next regular term succeeding that at which the original motion was filed, we see nothing in the provisions of §5485 which would prevent the judge from proceeding under the terms of his original order, so far as the brief of the evidence is concerned. There is nothing in the law that would require him to grant an additional order as to any of the incidents or essentials necessary to perfect the motion. Such a motion would be in order for a hearing if complete, but it would still be necessary for the court to complete the motion, and still the right of the movant to rely upon the original provisions of the order in his favor, unless they were withdrawn by the judge in his discretion. We think, therefore, that there was no error in overruling the motion to dismiss the motion for new trial. It is argued that this would practically effect a repeal of §5485, by giving the order of the trial judge precedence over the express statute. Inasmuch, however, as the code section gives the same power to the judge to adjourn the hearing to a day in term as to one in vacation, and it has been held (*Mutual Life Insurance Co.* v. *Hamilton,* 119 *Ga.* 338 (46 S. E. 434) ) that the fact that the brief of evidence, under an order worded similarly to the order in this case, was erroneously dismissed, where proper orders to continue the hearing had been passed, it does not appear to us why a continuance granted in term time would not have the same effect as one granted in vaca-

tion, so far as such provisions as those affecting the filing of the brief of the evidence are concerned.

2. The trial judge having erroneously stated the contentions of the defendant, and this error being, in his judgment, prejudicial to the plaintiff, it was not error to grant a new trial, although the verdict set aside was a second verdict in favor of the defendant. While it would be error to grant a second new trial where there was only a conflict of evidence and no error of law was committed, and the evidence was sufficient to authorize the verdict which had been twice successively rendered, this rule does not apply where the verdict rendered may have been induced by an error of law prejudicial to the losing party.

*Judgment affirmed. Powell, J., did not participate, on account of providential cause.*