## LUKE *v.* LUKE.

1. Where a motion for new trial was regularly and duly made in term time of the court at which was rendered the verdict complained of, and at the same time an order was taken setting the hearing of the motion on a certain day in vacation, and the original order provided that if for any reason the motion was not heard at the time and place fixed it should be heard and determined at such time and place in vacation as counsel might agree upon, etc., or at a time and place to be fixed by the presiding judge, and the order further provided that if for any reason the motion should not be heard and determined before the beginning of the next term of court, then the case should stand on the docket until heard and determined "at said term or thereafter," and that the movant should have until the hearing, whenever it might be, to prepare and present for approval a brief of the evidence in the case, the failure to take an order on the day set in vacation for a hearing did not render the motion functus officio, but it was carried alive into the next term. And the brief of evidence having been filed and approved in term time during the next term, the motion was thereby rendered complete.

2. After a general term of the superior court has been organized by the presiding judge and put into operation, the term continues until finally adjourned by the presiding judge or by the operation of some provision of law. The order dismissing the motion for new trial was granted in term time, and the bill of exceptions was sued out in time.

3. Where a motion is made to dismiss a motion for a new trial, based upon several grounds, and the judge hearing the same in term time sustains

the motion to dismiss generally, but upon the same day, in term time, discovers that he has inadvertently sustained one ground which he intended to overrule, he may so modify the order as to sustain the motion upon all the grounds except the one which he intended to overrule.

4. The motion to dismiss the bill of exceptions on the ground that no brief of the evidence had been filed, is without merit, in view of the recitals in the bill of exceptions.

5. There is no merit in the ground of the motion to dismiss the bill of exceptions, based on the ground that the evidence is not briefed.

6. The bill of exceptions sufficiently shows who are made parties plaintiff and defendant in error.

Nos. 4044, 4085. April 16, 1924. Rehearing denied June 19, 1924.

Divorce, etc. Before Judge Dickerson. Berrien superior court. October 19, 1923.

C. A. Luke brought a libel for divorce in Berrien County. The defendant, Mrs. Edna Luke, filed her answer and cross-petition. During the September, 1922, term of the court a trial was had, which resulted in a verdict, this being the second verdict, in favor of the plaintiff for a total divorce, relieving the defendant of her disabilities, etc., and finding in favor of the defendant against the plaintiff the sum of $500 as permanent alimony. During the term at which the verdict was rendered the defendant filed a motion for new trial upon the general grounds; and upon presentation of the motion the usual order was taken directing the plaintiff to show cause, in vacation, on December 9, 1922, why the motion should not be granted; and an order was also taken in open court, allowing the movant time within which to file amendments and prepare and present for approval a brief of evidence in the case. This order was in part as follows: "The defendant having made a motion for a new trial in said case, on the grounds therein stated, and said grounds having been approved by the court, and it appearing that it is impossible to make out and complete a brief of the testimony in said case before adjournment of court, it is ordered by the court that said motion be heard and determined on the 9th day of December, 1922, in vacation, at Nashville, Georgia, and that movant may amend said motion at any time before the final hearing. If for any reason said motion is not heard and determined at the time and place above fixed, it is ordered that the same shall be heard and determined at such time and place in vacation as counsel may agree upon, and upon failure to agree, then at such time and place as the presiding judge may fix, on

the application of either party, of which time and place the opposite party shall have at least five days' notice. If for any reason this motion is not heard and determined before the beginning of the next term of this court, then the same shall stand on the docket until heard and determined at said term or thereafter. It is further ordered that the movant have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case, and the presiding judge may enter his approval thereon at any time, either in term or vacation; and if the hearing of the motion shall be in vacation, and the brief of evidence has not been filed in the clerk's office before the date of the hearing, said brief of evidence may be filed in the clerk's office at any time within ten days after the motion is heard and determined."

At the same term the movant presented to the court and had allowed by the court an amendment to her original motion for new trial, which was duly filed in the office of the clerk of the court. On December 9, 1922, the day fixed in the order above set forth, no hearing was had on the motion for a new trial; no brief of evidence was then presented to the court for approval or correction, and none filed with the clerk of the court; nor was any order taken continuing the hearing of the motion to another date. But on January 6, 1923, the following order was entered in the case: "It appearing to the court that the movant in the above-stated case has been unable to prepare a brief of the evidence and amended motion, on account of the court reporter being unable to transcribe the evidence, it is therefore ordered by the court that a hearing on said motion be and the same is hereby continued to be heard at Nashville, Ga., on the 10th day of February, 1923. It is further ordered by the court that all the rights of the movant, as contained in the original motion, be and the same are hereby preserved." On February 10, the day fixed by this last order for a hearing, the motion for a new trial was not heard; no brief of evidence was presented or filed, nor was an order taken continuing the hearing of the motion to another date. On June 9, 1923, "during term time, the March term, 1923, of said court not having been adjourned," the following order was then entered in the case: "It appearing to the court that the motion for new trial in the above-stated case coming on regularly to be heard on this

date; and it further appearing that counsel for the plaintiff has been unable to examine and complete the record in said cause, and therefore ask for further time, and both counsel for the plaintiff and defendant agreeing that said hearing on said motion be continued until the 7th day of July, 1923, it is therefore ordered by the court that the motion for new trial in the above-stated case be and the same is hereby continued until the first Saturday in July, July 7, 1923, to be heard at Nashville, Georgia, at 10 o'clock a. m. on the 7th day of July, 1923. It is further ordered by the court that all the rights of the movant, Edna Earl Howell Luke, defendant in above-stated case, as contained in her original motion for new trial, be and the same are hereby preserved and protected as though said motion had not been continued."

On July 7, 1923, no court was held at Nashville, the county-site of Berrien County, nor was any judge present there that day to hold court or to hear motions. No brief of the evidence was filed, nor was any order taken in reference to the motion or the filing of a brief of the evidence. · But on July 14, 1923, as appears in the recital of the bill of exceptions, "in term time, the March term, 1923, of said court not having been adjourned," said motion for new trial was regularly called for a hearing. Thereupon the plaintiff presented to the court and filed with the clerk of said court a written motion to dismiss the defendant's motion for new trial, which he insisted should be sustained. This motion contained the recital of the fact of the trial, the verdict, the motion for new trial, and the several orders continuing the case from time to time, and the failure, on certain dates fixed for a hearing, to take orders continuing the time within which the brief of evidence was to be filed. And on the same day upon which this motion to dismiss was heard, after the plaintiff had presented, filed, and insisted on his motion to dismiss the motion for a new trial, a hearing of the motion for new trial was then entered upon; and thereupon the defendant presented for approval a proper and correct brief of evidence introduced at the trial of the case at the September term, 1922, of the court, and the court then and there approved the same and ordered the same filed, by order of the court as follows: "The above and foregoing ninety-nine pages of typewritten matter is hereby approved as the true and correct brief of evidence adduced in the trial of the fore-

going case, and same is hereby ordered filed as a part of the record in said case." This order, together with the brief of evidence, was filed in the office of the clerk of said court on July 14, 1923. At the same time the defendant submitted to the court an additional amendment to the original motion for new trial, which the court approved by an order duly passed, and ordered the same filed as a part of the record. Neither the hearing on plaintiff's motion to dismiss the defendant's motion for a new trial, nor the hearing on defendant's motion for a new trial, was completed on July 14, 1923; and the hearing on both motions was resumed at Nashville, Georgia, on August 11, 1923, "in term time, the March term, 1923, of said court not having been adjourned." The hearing was not completed, but the final hearings on both motions were had on October 4, 1923, "in term time, the September term, 1923, not having been adjourned." Evidence was introduced to support the motion to dismiss the motion for a new trial, by showing that there had been laches on the part of the movant, and that certain orders had been taken without the knowledge of the respondent. Certain evidence was introduced by the movant to rebut the evidence tending to show laches.

The court did not render judgment on October 4, the day of the hearing, but took the matter under advisement, and finally, on October 19, 1923, "in term time, the September term, 1923, not having been adjourned," passed an order sustaining generally the plaintiff's motion to dismiss the defendant's motion for a new trial. Subsequently the court on its own motion, and on the same day in term time, passed the following order: "It appearing to the court that on the 19th day of October, 1923, it passed the following order: 'This motion for new trial in this case coming on to be heard, motion having been made by the defendant in the case, Edna Earl Howell Luke, and after due consideration of the within motion to dismiss the motion for new trial, the same is sustained and the motion for new trial is hereby dismissed': It further appearing to the court that one of the grounds of the plaintiff's motion to dismiss defendant's motion for new trial is that the defendant, or movant of the motion for new trial, is guilty of inexcusable laches, and the court not intending to sustain this ground of the motion of plaintiff's motion to dismiss defendant's motion for new trial, and the court having inadver-

tently, by said order, sustained this particular ground of said motion to dismiss defendant's motion for new trial, it is therefore ordered that said order and judgment of the court be so modified as to read as follows [omitting the caption] : This motion for new trial in this case coming on to be heard, the motion having been made by the defendant in the case, Edna Earl Howell Luke, and after due consideration of the within motion to dismiss the motion for new trial, the same is sustained, except as to the ground of the same which alleges, in substance, that the movant of the motion for new trial is guilty of inexcusable laches, which particular ground is overruled; and the motion for new trial is hereby dismissed on all grounds except the ground of laches as above stated."

*Franklin & Langdale* and *J. A. Alexander,* for Mrs. Luke.

*J. D. Lovett, J. P. Knight, W. D. Buie,* and *R. A. Hendricks,* contra.

BECK, P. J. (After stating the foregoing facts.) The terms of the original order, conferring upon the movant the right and privilege of filing amendments to the original motion for new trial and filing and having approved the brief of evidence, were in their scope sufficient to preserve the rights of the movant in these respects until the time at which the motion was finally heard and the brief of evidence filed and approved; especially when we consider the intermediate orders that were passed preserving the rights originally granted. It is true that there were certain orders passed at chambers on dates other than those fixed at a time in the original order, and without being fixed by the judge after notice to both parties. But conceding that at the time when these intermediate orders were passed the court was without jurisdiction of the case, and that for this reason such orders are to be treated as nullities, without force and effect, still it is apparent that under the terms of the order first granted the case was carried into the subsequent term of the court. In the original order granted is the following language: "If for any reason this motion is not heard and determined before the beginning of the next term of this court, then the same shall stand on the docket until heard and determined at said term or thereafter." This order had the effect of preserving the motion and the rights of the movant until the March term, 1923. On July 14, 1923, "in term time, the March term, 1923, of said court not having been ad-

journed," the motion for new trial was regularly called for a hearing. The motion to dismiss, predicated upon the grounds indicated in the statement of facts, was made and urged. But on that day the case was heard, and the defendant presented for approval a proper and correct brief of evidence, introduced at the trial of the case at the September term, 1922, and the judge duly passed an order on that date approving the brief of evidence as "the true and correct brief of evidence adduced at the trial," and ordered the same filed. That order is in the record. And on that day the brief of evidence, together with the order approving the same and ordering it filed, was filed in the office of the clerk of the court. The hearing of the motion for new trial and the motion to dismiss the same was not concluded on July 14th, but the hearing on both motions was resumed at Nashville on August 11, 1923, "in term time, the March term, 1923, of said court not having been adjourned." The hearing was not concluded on this last date, but the final hearing was had on October 4, 1923, in term time, the September term, 1923, not having been adjourned. At the conclusion of the final hearing on each of said motions, that is, the motion for new trial and the motion to dismiss the same, the court did not render a judgment on either, but took them under advisement, and finally, on October 19, 1923, in term time, during the same term, passed an order sustaining plaintiff's motion to dismiss the motion for new trial.

We are of the opinion that the motion to dismiss should have been overruled, and that the court erred in sustaining the motion to dismiss. The orders which are quoted above in the statement of facts, and again referred to, carried the motion alive into the March term, 1923; and while the motion and the orders thereon were in force, the plaintiff completed the motion in time and had duly approved and filed the brief of evidence. Section 6090 of the Civil Code is in the following language: "Where an order is taken to hear a motion for a new trial in vacation, the brief of evidence must be presented for approval within the time fixed by the order, or else the motion will be dismissed. At the time fixed for the hearing, the judge may finally approve the motion and brief, with all amendments thereto, and pass on the motion, with the right to either party to except as in term time; but the judge in his discretion, before or at that time, may adjourn the hearing

to another date in vacation, with like power, or until the next term. Where a hearing is adjourned to the next term, the motion stands for hearing in term as if no order had been taken." In the case of *James* v. *John Flannery Co., 6 Ga. App.* 811 (66 S. E. 153), it was said: "Where, by an order duly granted in term time, the hearing of a motion for new trial is set for a date in vacation, and it is provided that 'the movant have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case, and the presiding judge may enter his approval thereon at any time, either in term or vacation,' and that 'if for any reason this motion is not heard and determined before the beginning of the next term of this court, then the same shall stand on the docket until heard and determined at said term or thereafter,' and the hearing is regularly continued several times by consent, during vacation, the motion goes over to the next term, at which term it would stand for hearing. And unless it be made to appear that the failure to hear the motion or to file a brief of the evidence was the fault of the movant, the motion would stand for hearing at the next succeeding regular term of the court, unless by appropriate order the hearing was set for an earlier date. . . The power of the court to pass appropriate orders in term time is plenary, and an order permitting the filing of the brief of evidence in a motion for new trial at a time subsequent to the next regular term of court is not error, unless it appear that the failure to sooner file the brief was the fault of the movant." And it was further said in that case: "It will be noted that the language is, 'the brief of the evidence must be presented within the time fixed by the order.' In the present case the order allows the brief to be presented for approval at the hearing, *whenever that may be,* with the right that the brief may thereafter be filed at any time within ten days after the motion is heard and determined. . . But where, as in the present case, it is expressly provided, under the authority of the court then in session, that the movant shall have until the hearing to prepare and present the brief of evidence, this exercise of the court's power will continue of full force, at least until withdrawn by an appropriate order. . . There is nothing in the law that would require him to grant an additional order as to any of the incidents or essentials necessary to perfect the motion. Such a motion would be in order

for a hearing if complete, but it would still be necessary for the court to complete the motion, and still the right of the movant to rely upon the original provisions of the order in his favor, unless they were withdrawn by the judge in his discretion."

And in the case of *Napier* v. *Heilker,* 115 *Ga.* 168 (41 S. E. 689), it was said: "The fact that the orders passed at the preceding term of the court had fixed the time during that term for the presentation of a brief of the evidence for approval would not deprive the court of the power to allow a brief of evidence to be filed at a subsequent term. If for any reason a correct brief of the evidence could not be then had, of course the court could refuse to approve it, if it did not come up to the requirements of the law; but the orders passed at the previous term, fixing dates from time to time for a hearing of the motion, would not deprive the court of the power to allow a brief of the evidence to be filed at a subsequent term, if a correct brief could be then obtained, and if an incorrect brief was then tendered, the judge had power in his discretion to allow a reasonable time for the movant to have the brief made correct." In the case of *Mutual Life Insurance Co.* v. *Hamilton,* 119 *Ga.* 338 (46 S. E. 434), where the order taken was similar to the original order in this case, the court held that the original term order gave the movant in the motion for a new trial until the final hearing thereof to prepare and have approved and filed a brief of the evidence. There were intermediate orders in the *Hamilton* case. They contained nothing limiting the right of the movant to have a brief of the evidence approved and filed upon the final hearing. They did not limit the right of the movant in respect to the privilege of filing the brief of evidence; and the court held, as we have seen, that under the original order the rights of the movant in this respect were preserved. In the case of *Maynard* v. *Head,* 78 *Ga.* 190 (1 S. E. 273), it was ruled: "It was proper to refuse to dismiss the motion for a new trial in this case. Having been continued and carried regularly to the May adjourned term of the court, it was then properly in court, and the court had full jurisdiction thereof. The order then granted, giving the movant until the final hearing of the motion to prepare and perfect the brief of the evidence, was binding upon the parties; nor was this order vacated because the case was not heard in vacation at the time set therefor, but it

continued of force until the final hearing." Another case closely in point is that of *Brinn* v. *Mason,* 147 *Ga.* 471 (94 S. E. 563). See also *Helmly* v. *Davis,* 111 *Ga.* 860 (36 S. E. 927) ; *Shockley* v. *Turnell,* 114 *Ga.* 378 (40 S. E. 279) ; *McPhail* v. *State,* 116 *Ga.* 599 (42 S. E. 1001). In the case of *Lee* v. *Cox,* 15 *Ga. App.* 249 (82 S. E. 941), it was said : "The court originally passed an order upon the motion for a new trial, allowing the movant 'until the hearing, whenever it may be,' to prepare and present for the court's approval a brief of the evidence in the case. There was no subsequent action which revoked this order, and for that reason the case is controlled by the ruling of this court in *James* v. *Flannery,* 6 *Ga. App.* 811 (66 S. E. 153), and the court did not err in refusing to dismiss the motion because of failure to prepare a brief of the evidence." See also *Miller* v. *Thigpen,* 121 *Ga.* 475 (49 S. E. 286), which cites the case of *Napier* v. *Heilker,* supra, and in the same connection the case of *Eady* v. *Railroad Co.,* 129 *Ga.* 363 (58 S. E. 895).

We are of the opinion that the motion to dismiss the motion for new trial should not have been sustained on any of the grounds. It does not appear that the movant had been guilty of such laches up to the time the case came on for hearing in the March term, 1923, as would work a dismissal of the motion for a new trial. But on the question of laches, though the court sustained this ground apparently by the first order quoted dismissing the case, by a subsequent order passed on the same day, July 14, 1923, of its own motion the court passed a supplementary or amendatory order reciting that the court did not intend to sustain the ground of the motion to dismiss based upon the alleged laches on the part of the movant in the motion for new trial, and therefore modified the first order so as to sustain the motion to dismiss on all the grounds except the ground based on laches. The granting of this supplementary order was excepted to in a cross-bill of exceptions filed by defendant in error. The order modifying the first order was passed not only at the same term, but on the same day at which the original order was granted ; and we are of the opinion that it was within the authority of the court to modify the first order which had been inadvertently made broader than the court intended ; and the judgment of the court excepted to in the cross-bill of exceptions should be affirmed.

A motion was made to dismiss the bill of exceptions on several grounds, among others, upon the ground that the motion for new trial in the present case was heard in vacation, and that the notice to the respondent contemplated in the provisions of section 4853 of the Civil Code was not given as required by the statute contained in the section cited. We are of the opinion that under the recitals in the bill of exceptions the hearing was not in vacation, but in term time. It is so expressly recited in the bill of exceptions. It is true the court appended this note to the bill of exceptions: "The court, in granting the several orders in the foregoing case, never granted any one of them when the court was in session where the juries were empaneled and the court was running for the purpose of trying cases. Since the judge has been on the bench there has been a custom in the court at Nashville not to adjourn the court by the sheriff, or for any adjournment to be entered on the minutes, but the court has been held open, so far as the custom was concerned, for the purpose of filing pleas, etc.; and under this statement of facts the court did hold, on the day the orders were granted, that the court was open. When the court ruled that the court was open, it had this custom in view, and none of the orders were passed during the two weeks that this court is held in September and March." Taking the recital that the orders were granted in term time, as it appears stated expressly in several places in the bill of exceptions, we do not think that there is anything in the note which requires a finding contrary to these recitals in the bill of exceptions. It is expressly recited that it was in term time, and that the March term had not been adjourned. "After a general term of the superior court has been organized by the presiding judge and put into operation, the term continues until finally adjourned by the presiding judge or by the operation of some provision of law." *Liverpool Insurance Co.* v. *Peoples Bank,* 143 *Ga.* 355, 358 (85 S. E. 114) ; *Braxley* v. *State,* 143 *Ga.* 658 (85 S. E. 888). See also the case of *King* v. *Sears,* 91 *Ga.* 577 (18 S. E. 830).

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*

### ON MOTION FOR REHEARING.

Whether the first order taken be construed as an order fixing a date for the hearing of the motion in vacation or as fixing a date

in term, it was sufficient to preserve the rights of the movant, as to filing amendments to the motion for new trial as well as preparing and filing a brief of the evidence.   This case differs in its facts from the case of *Warde* v. *Warde*, 134 *Ga.* 714 (68 S. E. 478).

<div align="right">

*Motion for rehearing overruled.*