25723.   DeKALB COUNTY v. McFARLAND et al.

Argued April 14, 1970—Decided May 7, 1970.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley*, for appellant.

*Murphy, McFarland & Turoff, Martin McFarland, William Zachary, Sr.*, for appellees.

Felton, Justice. This is the third appearance of this case in this court. *DeKalb County v. McFarland*, 223 Ga. 196 (154 SE2d 203); *McFarland v. DeKalb County*, 224 Ga. 618 (163 SE2d 827). On the second trial of the case the jury failed to reach a verdict. Each of the three parties filed a motion for a judgment notwithstanding the mistrial. This case is an appeal

by the County of DeKalb from the judgment denying its motion for a judgment notwithstanding the mistrial. DeKalb County filed three motions to extend the hearing dates set for its motion. Its first motion to extend the time for the hearing continued the hearing until May 14, 1969. This order provided as follows: *"In the meantime, and until further or final hearing on said motion, whenever the same may be had, movant is allowed to amend and perfect the aforementioned motion."* (Emphasis supplied). Two additional orders extending the time for the hearing were granted the County of DeKalb. In each the date for the hearing is set for thirty days from the *date of the order.* Each of the second and third orders provides: *"In the interim,* the defendant, DeKalb County, Georgia, is allowed to amend his [sic] motion and to prepare and present for approval a brief of evidence in said case." (Emphasis supplied). The provision that DeKalb County might have until the final hearing was not included in the last two orders extending the time of the hearing for *thirty days only.* While under the old practice, where the court in its first order setting such a motion for a hearing the reservation of jurisdiction until the final hearing was not lessened or affected by a mere extension of the time of hearing (Georgia Procedure and Practice, Leverett, Hall, Christopher, Davis and Shulman, § 22-6, p. 502, note 219) still, since the court had reserved full jurisdiction by the first order the same full jurisdiction continued until the time of the issuance of the following orders at which time the court had jurisdiction to limit, as to future hearings, the time within which the brief of evidence or transcript might be presented. In this case the court made such a limitation as to the dates set for a hearing subsequently to the first one. The last orders provided that only *in the interim of thirty days* could the transcript be presented, approved and filed, so that the prevous provision in the first order that the movant should have until the final hearing to present the transcript for approval was no longer of force and effect. In *James v. John Flannery Co.,* 6 Ga. App. 811 (66 SE 153), at page 814, the two judges deciding that case stated, "But where, as in the present case, it is expressly provided  .  .  .  that the movant shall have until the hearing to prepare and present the

brief of evidence, this exercise of the court's power will continue in full force, at least *until withdrawn by an appropriate order*." (Emphasis supplied). In that case the court also stated that the first order might be restricted. *Luke v. Luke*, 158 Ga. 103, 111 (123 SE 716) seemingly cited the *James* case with approval. In *Spooner v. Spooner*, 178 Ga. 105, 109 (172 SE 5) the court refused to pass on the question whether the first comprehensive order could be restricted. The rulings in the *James* and *Luke* cases may have been obiter but we think that they are correct and should be applied in this case. Litigants may protect themselves by properly drawn orders as they finally did under the old practice of providing this protection in orders setting hearings on motions for new trials. The protection was retained in almost every order, the original as well as other extensions of time for hearing of the motions. Nor was the time set for the hearing on the last motion extended under the Civil Practice Act, which provides that "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." *Code Ann.* § 81A-106 (b) (Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230).

The court had no jurisdiction to pass upon DeKalb County's motion for the reason that the trial court in its last two orders setting a date for the hearing of the motion withdrew the provision that the county might have until a final hearing of the motion to present the transcript of evidence and ordered that the transcript be presented within 30 days from the date of the orders, which was not done.

*Judgment reversed without prejudice. All the Justices concur, except Undercofler, J., who dissents.*