Burnett *vs*. Vandiver.

---

HENRY C. BURNETT, plaintiff in error, *vs*. J. J. VANDIVER, defendant in error.

A bill in equity which alleges that the defendant became the purchaser of property belonging to complainant, sold at sheriff's sale, at a price far below its real value, under an agreement that he was to hold the same until reimbursed; that he has been repaid the amount advanced, but nevertheless is in possession of the property claiming it as his own, and praying relief, should not be dismissed on demurrer.

Equity. Contracts. Before Judge UNDERWOOD. Floyd Superior Court. July Term, 1875.

Reported in the decision.

R. T. FOUCHE; FORSYTH & REESE, for plaintiff in error.

C. ROWELL, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant praying for a discovery, account and relief, etc. The defendant demurred to the complainant's bill for want of equity. The court sustained the demurrer and dismissed the bill, whereupon the complainant excepted.

The grounds of the complainant's equity alleged in his bill, are, substantially, that he was the owner of a portable steam engine with all necessary apparatus for running the same, together with one planing and sash machine, rip-saw, etc., of the value of $2,000 00; that said property was levied on to satisfy an attachment judgment against complainant, amounting to the sum of $116 00; that complainant was unable to raise the money to prevent the sale of said property, and applied to the defendant to pay said debt for him, when it was agreed between them that defendant should attend the sale of said property and bid off the same for complainant by bidding the amount of said debt therefor, and that complainant was to work and run said engine and machinery, as agent for defendant, until said debt was discharged or the defendant should be reimbursed the money advanced by him in bidding off the property; that the defendant attended the sale and bid off the property for the sum of $116 00, and now claims it as his own property, although the complainant has operated said engine and machinery under said agreement with defendant, and that it has turned out work nearly of the value of $600 00, which is more than enough to discharge the amount which defendant bid for the property. In short, the defendant, under the agreement made with the complainant, bid off property worth $2,000 00 for $116 00, and the complainant has run it with the defendant until it has turned out work enough to more than reimburse the defendant for the money which he bid for the property under the agreement, and now the defendant claims to be the owner of the property under

his bid for it at the sale under the circumstances hereinbefore stated. In our judgment, in view of the allegations contained in the complainant's bill, the defendant should have been required to answer them as prayed for, and that it was error in dismissing it on demurrer.

Let the judgment of the court below be reversed.