### Johnson *et al. vs.* Jackson, administrator, *et al.*

[Jackson, Judge, being disqualified on account of relationship to plaintiffs in error, Judge Hillyer, of the Atlanta circuit, was designated to preside in his place.]

Where before the close of the term at which a case is tried, and a verdict rendered, counsel for the losing party moved the court in writing for an order granting time, after the term, in which to perfect a brief of the evidence, and a motion for new trial then in the course of preparation, on the ground that, by reason of illness of movant's counsel, and an impending adjournment, the same could not be done before the close of the term, and counsel for the successful party have notice of the motion, and, after hearing the parties, the court grants the order:

*Held*, that if this is not, in its substance, an "application for new trial," within the meaning of §3719 of the Code, and thus in time, as being made during the term, it is, at all events, a valid and binding adjudication that the circumstances make such an extraordinary case as that if the brief of evidence and motion for new trial be afterwards perfected and filed within the time limited by such order, it is error in the court to dismiss the motion for new trial at a succeeding term, on the ground that it was made in vacation.

Practice in the Superior Court. New trial. Before Judge BUCHANAN. Troup Superior Court. November term, 1876.

Reported in the opinion.

B. H. BIGHAM; JACKSON & LUMPKIN; T. H. WHITAKER; JNO. T. GLENN; HOWELL C. ERWIN, for plaintiffs in error.

FERRELL & LONGLEY, for defendants.

HILLYER, Judge.

This case came on for trial at the November term, 1876, of Troup superior court, and, as a result of the trial, a verdict was rendered in favor of the plaintiff against the principal defendant, being a suit on an administrator's bond, and in favor of the securities on the bond; and on the morning of the day of the adjournment of the court, and a short time before the actual adjournment, counsel for the plaintiffs called the attention of the court to the motion for new trial and brief of evidence, then in an unfinished condition, and stated in his place that he had sat up up nearly all the night before in preparing and perfecting it, and had worked diligently, until compelled by exhaustion to give up the effort, and that he was too sick to go on and complete its preparation that day; and, for that purpose, he moved the passage of the following order:

"Upon sufficient cause shown, it is, on motion, ordered that plaintiffs be allowed thirty days from the adjournment of this court to prepare and perfect their *rule nisi* for a new trial and brief of testimony in the trial of the case, and that

the said motion for new trial and brief of evidence be set for hearing at Newnan, Georgia, at such time as shall be appointed by the presiding judge, or, in the event no such appointment is made, on the first day of the next term of this court."

Counsel for the securities, being present in court, objected to the order, contending that the showing was insufficient and his honor, after hearing the parties, signed the same and ordered it of record.

Afterwards, within the time limited by that order, a brief of the evidence was agreed on and perfected by counsel, and a motion for new trial perfected, and presented to the presiding judge at chambers, and he passed an order verifying the recitals, and granting a *rule nisi* for new trial, making it returnable on the first day of the next term ; and it was filed, and notice to the opposite parties given, according to the terms of that order.

At the succeeding term, the judge dismissed the motion for new trial, reciting that it was on the ground that such motion for new trial was made in vacation ; and the writ of error in this case was prosecuted, seeking a reversal of that dismissal.

The question turns mainly on the proper construction of section 3719 of the Code, which is as follows :

" All applications for a new trial, except in extraordinary cases, must be made during the term at which the trial was had, but may be heard, determined, and returned in vacation."

We think it may be urged, with great plausibility, that this proceeding constituted, in its substance, an application for new trial within the meaning of this clause of the Code ; but that, whether it is or not, it was, at all events, an adjudication of the proposition that the circumstances made such an extraordinary case as that a legal motion might be made after the term, when all the facts of the trial were recent in the mind of the court. The court had before it the circumstances by which counsel were surrounded : the

length of time that was to elapse before the adjournment, other engagements then pressing on the court and counsel, illness of counsel (which is alleged as one of the grounds), and all the circumstances entering into it.   The court might properly take jurisdiction of the question of whether it made such an extraordinary case or not; and the adjudication of that motion, at that time, and under these circumstances, by the court, and the order granted, under these circumstances, became valid and binding; and the order remained of force until set aside in some method known to the law; and the parties having acted on that order, permitting the adjournment to occur without further steps, and perfecting their motion in compliance with the order, we think it proper, in accordance with the principles, both of law and justice, to require that the movants should be heard on their motion for new trial.

Judgment reversed.