## WILLIAMS *vs.* THE CENTRAL RAILROAD.

1. A case was tried in Lee superior court and resulted in a verdict for the plaintiff. The defendant moved for a new trial, and during the term at which the trial was had, an order was taken that the motion should be heard at the next term of Sumter superior court, and that the movant should here leave, until that time or until the further order of the court, to make out a brief of the evidence. When the case was called during Sumter superior court, it was continued, to be heard at the superior court of Macon county, at the suggestion of counsel for the plaintiff. At Macon superior court, the counsel for plaintiff being sick, the case was ordered to be heard at the adjourned term of Sumter superior court. When called there, counsel for the plaintiff moved to dismiss the motion because the brief of the evidence had not been filed and approved by the court:

*Held,* that the motion to dismiss was properly overruled.

2. There was no error in granting a new trial in this case.

February 8, 1887.

New Trial. Practice in Superior Court. Before Judge
FORT. Lee Superior Court. March Term, 1886.

Reported in the decision.

M. G. BAYNE; KIMBROUGH & LONG; HULSEY & BATE-
MAN, for plaintiff in error.

LYON & GRESHAM; E. A. HAWKINS, for defendant.

BLANDFORD, Justice.

Williams sued the Central Railroad and obtained a ver-
dict. The railroad company moved for a new trial. An
order was taken, during the term at which the trial was
had, that the same should be heard at the next term of
Sumter superior court, and that the movant have leave,
until that time or until the further order of the court, to
make out a brief of the evidence. When the case was
called during Sumter superior court, the same was con-
tinued to Macon superior court, at the suggestion of coun-
sel for Williams. At Macon superior court, the counsel
for Williams being sick, the case was ordered to be heard
at the adjourned term of Sumter superior court. When
the case was called at the adjourned term of Sumter supe-
rior court, counsel for Williams moved to dismiss the mo-
tion for new trial, upon the ground that the brief of evi-
dence had not been filed and approved by the court. The
court overruled this motion, and approved the brief of evi-
dence, and granted a new trial in said case. These several
rulings of the court were excepted to by the plaintiff, and
error is assigned thereon.

1. There was no error in refusing to dismiss the motion
for new trial when the case was called for final hearing,
upon the ground that the brief of evidence had not been
filed or approved by the court. The order for the hearing
was taken in term and not by consent, and it was that the
movant should have leave to make out a brief of the evi-

dence until the time the case was ordered to be heard at Sumter superior court, or until the further order of the court. This then was under the control of the court by its own order. And it appears to us that the case was not heard by reason of the fact that the same was further continued, at the instance of the counsel for the plaintiffs, to Macon superior court; and it further appears that the same was not heard at Macon superior court, because of the sickness of the plaintiff's counsel, and for his benefit. The case was continued to the adjourned term of Sumter superior court, and at that time it was within the power of the court, under this order granted in term, to approve the brief of evidence presented by the movant, and having done so, he committed no error.

2. There was no error in granting the motion for new trial, as it appears to us from the record that the verdict of the jury was strongly and decidedly against the weight of evidence in the case. So we affirm the judgment of the court below granting the motion for new trial in this case.

Judgment affirmed.