## HORNE *et al. v.* MULLIS.

1. As against a general demurrer, the petition set forth a cause of action.
2. Such parts of the petition as were subject to the special demurrers filed are indicated in the opinion.

Argued January 27, — Decided February 15, 1904.

Equitable petition.    Before Judge Roberts.    Pulaski superior court.    August 11, 1903.

*W. L. Grice & Sons*, for plaintiffs.
*J. H. Martin*, for defendant.

COBB, J.    Julia Horne and others brought an action against Mullis, alleging in their petition:    Plaintiffs are the widow and children of Isaac Horne.    On January 1, 1890, Isaac Horne executed and delivered to the Guaranty Company of Georgia a mortgage deed to certain described tracts of land, to secure the payment of a loan of $600.    The land mortgaged was worth $2,500, and is still worth that sum.    After executing the mortgage, to wit, on July 24, 1890, Isaac Horne executed to petitioners a warranty deed to the land described in the mortgage, reserving to himself the use and control of the land during his life.    This deed was duly recorded.    The mortgage debt not being paid at maturity, the mortgage was duly foreclosed and the property advertised for sale about the year 1896.    A few days before the sale was to take place, Isaac Horne entered into an arrangement with the defendant, who was his son-in-law, under which the defendant was to buy the land and permit Horne to redeem it within two years by paying the amount of the bid, together with interest and the necessary expenses which had been incurred.    At the time this agreement was entered into, the defendant Mullis had actual notice of the deed from Horne to petitioners.    The purpose of Horne in making the agreement with defendant for a reconveyance of the property was to preserve for himself a home for life and to secure the land for his wife and children, with the incumbrance

of the mortgage removed.  The land was sold under the mortgage execution, and bought by the defendant, who had, no competitor at the sale, for a sum equal to the amount of the debt and costs and expenses.  The land was worth $2,500 at the time of the sale.  The defendant received a deed from the sheriff to the land, but Isaac Horne remained in possession thereof until his death, and plaintiffs have been in possession since that time.  Isaac Horne paid defendant ninety dollars in 1897 and the same amount in 1898, and petitioner Julia Horne paid him ninety dollars in 1899.  While these payments were called rent, they were really intended as payments on the redemption money agreed to be paid to the defendant as heretofore stated.  A short time before the death of Isaac Horne, which occurred on October 21, 1898, and a few days before the time for redemption under the agreement expired, he made arrangements to get the money and redeem the land before the time for redemption should expire. The defendant, upon hearing of this arrangement, went to Horne, who was then in his last sickness, and told him not to give himself any concern about the redemption of the land; that he (defendant) wanted nothing but the money which he had expended, with interest, and if the lands were not redeemed, he would sell enough of them to get back his money, and would then turn over to Isaac Horne, if living, the surplus, and if he was not in life, then to his wife and children; and to this Horne agreed.  Relying upon these promises of the defendant, Isaac Horne abandoned his purpose of getting the money and redeeming the land, while yet he had time to do so.  Within a few days after these promises were made, and after the time for redemption had expired, Isaac Horne died without having taken any further steps in the matter. Some time in the fall of 1899 the defendant sold a portion of the land for $1,600.  He still holds the title to the remainder of the land, 102½ acres, which is worth about five or six dollars per acre, and refuses to account to petitioners for the surplus of the money received from the sale of a portion of the land, or to make a reconveyance of the balance.  Isaac Horne died intestate, and there has been no administration on his estate, nor is there any necessity for any, there being no debts.  The petition prays for an accounting; that defendant be required to make a conveyance to petitioners of the portion of the land to which he holds title;

and that he be also required to pay to petitioners the balance remaining from the sum received from the sale of a portion of the land, after deducting the amount of his bid·at the sale under the mortgage foreclosure, with interest and costs and expenses. To the petition the defendant filed a general demurrer, and also special demurrers to different paragraphs of the same. The court sustained the demurrers and dismissed the petition. The plaintiffs excepted.

As against a general demurrer, the petition set forth a cause of action. See *Burnett* v. *Vandiver*, 56 *Ga.* 302. The distinction between this case and *Roughton* v. *Rawlings*, 88 *Ga.* 819, is that in the case cited the two persons who made the agreement to divide the land after the sale had no interest whatever in the property which was to be sold. The distinction is manifest when we consider the opening sentences of the opinion by Mr. Chief Justice Bleckley, on pages 821 and 822, where he says: "The plaintiff has parted with nothing which he possessed or owned before. He has the same amount of money and property, and has rendered no service nor caused any to be rendered. What he has missed by reason of the defendant's refusal to perform the verbal agreement is only the gain which he would have derived from the performance if the defendant had not violated his promise. The mere' right to bid for the property at the executor's sale was not itself property, nor the subject-matter of bargain and sale. The non-exercise of that right by forbearing to bid was therefore not a consideration for the agreement which will take the case out of the statute of frauds by reason of part performance." The case should not have been dismissed, and the judgment must therefore be reversed. A reversal of the judgment on the general demurrer renders it necessary to pass upon the questions made by the special demurrers, as the judge sustained all·of the demurrers. There was no merit in the demurrer which raised the question that copies of certain deeds and other papers were not exhibited to the petition. The allegations in reference to these papers were mere matters of inducement and did not constitute the cause of action, nor was the relief prayed for based entirely thereon. Under such circumstances it was not necessary to exhibit copies of such papers to the petition. *Harp* v. *Investment Company*, 108 *Ga.* 179; Civil Code, § 4963. Especially would this be the case when

the papers referred to were described in the petition in such a way as to render intelligible the allegations referring to them. There was no merit in that ground of the demurrer which raised the point that Horne and his wife were tenants of defendant, and therefore could not deny his title.    The petition alleged that certain amounts had been paid to defendant by Horne and his wife in the name of rent, but it was distinctly averred that these payments were not in fact rent and were not intended as such. There is nothing in the petition which would preclude the plaintiffs from showing that no relation of landlord and tenant ever existed between Horne and the defendant, or between the widow of Horne and defendant.    All of paragraph 6 should have been stricken, except that which alleged that the conveyance referred to conveyed the same land.    Paragraphs 12 and 13 should have been stricken.    All of paragraph 15 should have been stricken, except that which alleged the value of the land.    Paragraph 20 should be stricken, unless the plaintiffs by amendment set forth the names of the persons therein referred to.    The petition, with these paragraphs stricken, is set forth in substance above.    It stated facts sufficient to require the defendant to file an answer.

*Judgment reversed.    All the Justices concur, except Simmons, C. J., absent.*