## OWENS *et al. v.* HANSEN.

1. It appearing that a motion for a new trial was duly filed during the term at which the trial was had, and that an order was then taken fixing a day in vacation for the hearing of the motion and extending the time for the preparation and submission for approval of the brief of evidence to the day fixed for the hearing, and it further appearing that, subsequently to the passage of the order and prior to the date fixed for a hearing, the judge passed another order in vacation, upon the application of the movant, fixing a later date than that named in the original order for a hearing, and providing that the movant should have until the hearing to prepare and file for approval a brief of evidence, the latter order was valid and effective to extend the time allowed in the first order for the preparation and submission for approval of the brief of evidence.
2. The court did not err in refusing to dismiss the motion for a new trial on the ground that the brief of evidence was not prepared and submitted for approval on the day fixed for a hearing in the original motion, referred to in the first headnote.

Argued July 24, 1908.—Decided January 15, 1909.

Motion for new trial. Before Judge Whipple. Ben Hill superior court. January 11, 1908.

*E. W. Ryman* and *Edgar Latham,* for plaintiffs.

*Jay & Jay, Haygood & Cutts,* and *Olin J. Wimberly,* contra.

BECK, J. The case of John S. Owens et al. v. F. J. Hansen was tried on the 12th day of October, 1907, at the October term of the superior court of Ben Hill county. The trial resulted in a verdict for the plaintiffs, and the defendant, being dissatisfied, on the 14th day of October and during the term at which the verdict was rendered, made a motion for a new trial. On the same day, before the adjournment of the term, the court passed an order setting the hearing of said motion in vacation on the

7th day of December, 1907. It was provided in the order that the movant should have until the day fixed for a hearing to prepare and present for approval a brief of the evidence in the case, and that the presiding judge might enter his approval thereon at any time, either in term or in vacation. Subsequently, on the 5th day of December, 1907, upon application of the movant, the judge, at chambers, passed the following order: "It appearing to the court that the stenographer has not been able to furnish a report of the evidence in the within cause, upon motion of counsel for defendant, F. J. Hansen, it is ordered that the date of hearing be extended to December 21st, 1907, at Cordele, Ga., and that movant have until that date to perfect and present for approval the brief of evidence and amended motion in said cause, including said date." On the day fixed for the hearing in the order last set forth, upon application by the movant, another order was passed, extending the time for the hearing and the preparation of the motion, and fixing the hearing on January 11, 1908. The order last referred to contained the express provision that "movant have till January 11th, 1908 (including said date), to prepare and present for approval the brief of evidence and charge of court in said case and amended motion."

The respondents, on the day last fixed for a hearing, moved to dismiss the motion for a new trial, on the ground that no brief of the evidence was presented for approval on or before the day fixed for a hearing in the original motion, extending the time for a hearing and which was passed in term time; and they insist, their motion to dismiss having been overruled, that the court below erred in so ruling. Plaintiffs in error contend that the order passed on the 5th day of December, being passed in vacation, was not effective to extend the time, for the preparation and submission to the court for approval of a brief of the evidence, to a date subsequent to the 7th day of December, 1907, the time fixed for a hearing in the original order granting time for preparation and filing of the brief of evidence.

We are of the opinion, however, that it was competent for the court, in vacation, to pass the order which was allowed on December 5th, and that this order had the effect of extending the time for a preparation of the brief of evidence until the date named therein, and that when on the day named in the order of

December 5th another order was taken, fixing a still later time for a hearing of the motion, and extending the time for a preparation of the brief of the evidence, the privilege of completing the brief and submitting the same for the approval of the court was preserved. Section 5485 of the Civil Code is as follows: "Where an order is taken to hear a motion for a new trial in vacation, the brief of evidence must be presented for approval within the time fixed by the order, or else the motion will be dismissed. At the time fixed for the hearing, the judge may finally approve the motion and brief, with all amendments thereto, and pass on the motion, with the right to either party to except as in term time; but the judge in his discretion, before or at that time, may adjourn the hearing to another date in vacation, with like power, or until the next term." The provision in the section quoted, that "the judge in his discretion, before or at that time, may adjourn the hearing to another date in vacation, with like power," in connection with the other provisions of the section, vested the judge, in this case, with the authority to pass the order dated December 5th, and render the same effective according to its terms. The provisions in that portion of the section which we have quoted are clear; and none of the cases cited by counsel for plaintiff in error, expressly construing the passage last quoted, adopt a different construction from that which we have here given.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*