CHAPMAN *et al. v.* CHAPMAN *et al.*

FISH, C. J.    1. On the trial of an action brought to set aside a judgment of the court of ordinary, establishing, in lieu of the alleged lost originals, copies of the petition to probate a will in common form and the affidavit of a subscribing witness to such will proving the same, where the ground for setting aside the judgment was that no such petition and affidavit as were thereby established ever existed, it was error for the court to instruct the jury to the effect that before they would be authorized to render a verdict setting aside the judgment they should find that no original petition to probate the will *and* no original affidavit of the subscribing witness ever existed.    While, to have authorized a verdict sustaining the judgment sought to be set aside, the jury should have been satisfied that originals of both the

petition and the affidavit had existed and were lost, on the other hand, if the jury were satisfied either that no such original petition *or* no such original affidavit ever existed, they should have rendered a verdict setting aside the judgment.

2. On the trial of the action referred to in the preceding headnote, the court did not err in refusing to permit a witness to the will to testify that he never saw the testator sign it, nor heard him request any one to sign it for him, nor heard him say anything about a will; that he, the witness, had no recollection of being present when the person, whose affidavit to prove the will was established by the judgment sought to be set aside, signed the will; and that he, the witness whose proffered testimony was rejected, could not truthfully have made affidavit to probate in common form the paper purporting to be a will. This testimony was not admissible for the purpose of corroborating and strengthening the testimony, upon the trial under review, of the witness whose alleged lost affidavit was established, that he never made such an affidavit.

*Judgment reversed. All the Justices concur.*

Argued July 27, 1908.—Decided January 16, 1909.

Appeal. Before Judge Wright. Walker superior court. January 8, 1908.

*Lumpkin & Wright,* by *John M. Graham,* for plaintiffs.

*R. M. W. Glenn* and *F. W. Copeland,* for defendants.