## DELKIN *v.* MCDUFFIE.

EVANS, P. J.   1. A, having an equity of redemption in two tracts of land, agreed with B that the latter should pay the amount claimed by the holder of the title and take a deed to both tracts, the title to one of which should be retained by B in consideration of the money expended by him, and the other tract should be conveyed by him to A. The contract was performed to the extent of B's paying the amount due to redeem the land and taking from the creditor of A a deed to both tracts. B refused to comply with his agreement to convey one of the tracts to A. *Held,* that the title to the tract agreed by B to be conveyed to A was affected with a trust in favor of A, which equity will enforce by proper decree. *Horne* v. *Mullis,* 119 *Ga.* 534 (46 S. E. 663).

2. Where the plaintiff and defendant in an action like that described in the preceding note sustain the relation of nephew and uncle, and it is alleged that the nephew reposed confidence in the uncle, who wielded great influence over him, and the nephew made the contract with his uncle because of his trust in him, and there is no change in the character of the possession of the land or in the relation of the parties with respect thereto, a failure of the nephew to sue the uncle until five years had elapsed is not such laches as will bar his equitable remedy.

3. By pleading to the merits of an action in a court having jurisdiction of the subject-matter, a non-resident defendant submits himself to the jurisdiction of the court.

                    *Judgment affirmed. All the Justices concur.*

                             MAY 11, 1910.

Specific performance. Before Judge Ellis. Fulton superior court. June 29, 1909.

*R. B. Blackburn* and *Westmoreland Brothers,* for plaintiff in error. *Moore & Pomeroy,* contra.