5396, 5444. LEE *et al.*, administrators, *v.* COX; and *vice versa*.

1. The trial judge having in his original order on the motion for a new trial ordered "that the movant have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case," the court did not err in refusing to dismiss the motion because of the failure of the movant to file a brief of the evidence, until the day of the hearing. The movant presented a brief which was approved by the court after the motion to dismiss was made but before passing on that motion.
2. Service of a rule nisi on a motion for a new trial may be made by the movant's attorney at law, and the entry of service be verified by his affidavit.
3. It appears that two of the notes offered in evidence, in support of the administrator's answer to the garnishment, to show indebtedness of the defendant to the decedent, and which the court excluded on the ground that they were barred by the statute of limitations, were not barred; and it appears that certain sums paid by the decedent in behalf of the defendant and at his request, on a note excluded on the ground that it was barred, were paid within four years before the administrator's answer to the garnishment, and therefore these items were not barred by the statute of limitations. The court erred in rejecting this evidence, and also erred in directing a verdict.

DECIDED SEPTEMBER 23, 1914.

Garnishment; from city court of Nashville—W. G. Harrison, judge pro hac vice. December 9, 1913.

*Knight, Chastain & Gaskins,* for Lee et al.
*Alexander & Gary,* contra.

RUSSELL, C. J. J. J. Cox obtained judgment against W. E. Lee, who was an heir and distributee of the estate of M. A. Lee, deceased. Cox sued out garnishment, which was served upon the administrators of M. A. Lee's estate. In their answer and amended answer the garnishees set up that W. E. Lee was indebted to the estate of M. A. Lee a sum greater than his distributive share of the estate, and that therefore they were not indebted to W. E. Lee, and that they had no property, money, or effects belonging to him.

The plaintiff in fi. fa. traversed the answer to the garnishment, and upon the trial the court directed a verdict in his favor. The administrators except to the overruling of their motion for a new trial.

1. In the cross-bill of exceptions error is assigned upon the refusal of the trial judge to dismiss the motion for a new trial. It appears from the record that although twelve terms of the court had elapsed since the trial and up to the hearing, no brief of evidence had been approved by the court. The time originally set for the hearing of the motion was a day in vacation, and, the motion not being heard on that day, it of course was automatically continued. When the motion finally came on for hearing, the respondent moved to dismiss it, both upon the ground that there had been no service of the rule nisi and because of the movant's failure to prepare a brief of the evidence. The court originally passed an order upon the motion for a new trial, allowing the movant "until the hearing, whenever it may be," to prepare and present for the court's approval a brief of the evidence in the case. There was no subsequent action which revoked this order, and for that reason the case is controlled by the ruling of this court in *James* v. *Flannery,* 6 *Ga. App.* 811 (66 S. E. 153), and the court did not err in refusing to dismiss the motion because of failure to prepare a brief of the evidence. See also *Owens* v. *Hansen,* 131 *Ga.* 805 (63 S. E. 346).

2. Upon the motion for a new trial and rule nisi there appears an entry of service, signed by the movant's counsel, and the entry is verified by the affidavit of the counsel who purported to have made the service and the entry of service. Section 6080 of the Civil Code provides for service of the rule nisi on the motion for a new trial, but does not prescribe by whom the service shall be effected. It would seem to follow that if satisfactory proof of service be made, service by any person, though he be not an officer, would be sufficient. The only purpose of the service of the rule nisi is to give the respondent notice of the pendency of the motion for a new trial and timely opportunity to prepare to resist if he desires to do so. At common law a motion for a new trial was necessarily made immediately upon the rendition of the verdict, and had to be passed upon during the term of the court, because when a judgment was entered upon the judgment roll all parties

were concluded. The purpose of section 6080 was to alter the rule of the common law in this State, and (as at common law there was no provision that the rule nisi should be served, the respondent presumably being present in court when the rule was granted) it seems to have been the purpose of the General Assembly, in changing the rule so as to permit the adjudication of motions for new trial after adjournment of the term of the court at which the verdict and judgment were rendered, to give the respondent in the motion such notice as would enable him to protect his rights. There are numerous instances in the Supreme Court reports where service by counsel, if duly verified, has been held sufficient. Of course, the entry of service by an attorney does not of itself import verity as is the case where the entry of a return of service is made by a sheriff. But when the entry of service is verified it is prima facie proof that the rule nisi was served, and the entry should be traversed if the issue that there was no service is presented.

3. In support of the answer of the garnishee, to the effect that W. E. Lee owed the estate of M. A. Lee more than his distributive share of the estate, evidence was introduced to show that his distributive share was $405.30, and an attempt was made to show that he was indebted to the estate more than $450. The garnishee attempted to introduce in evidence certain notes and a due-bill of the defendant, held by the decedent, and also to show that the decedent had paid certain amounts for him. Without specifying the dates and amounts of the notes and of the due-bill, which the court ruled out on the ground that they were barred by the statute of limitations, it is sufficient to say as to two of the notes that they were not barred by the statute. As to one of the notes excluded, which was barred by the statute of limitations, and which had been given by the defendant to another party, a witness offered to testify that the decedent had made payments thereon within four years prior to the date of the answer to the summons of garnishment, and that the decedent (who was the mother of the defendant) made these payments at the defendant's urgent request. The court erred in excluding this evidence. Even if the note itself might have been barred by the statute of limitations, the defendant was liable to the estate for the amounts paid, as upon account. We are also of the opinion that the court erred in refusing to permit the introduction of any evidence of indebtedness of the distributee to the decedent's

estate. The plea that a debt is barred by the statute is a personal plea, and can not be taken advantage of by a third person. If the evidence in the present case shows that W. E. Lee is indebted to the estate of M. A. Lee in a greater sum than is equal to his distributive share, even though some of the evidences of such indebtedness might be barred by the statute of limitations if a personal plea were filed by W. E. Lee in defense to an action brought on them, then the court erred in directing a verdict for the plaintiff; and in view of the fact that some of the evidence, as above stated, was erroneously withheld, we will send the case back and let a jury decide what is the real truth of the matter.

*Judgment reversed on the main bill of exceptions; affirmed on cross-bill of exceptions. Roan, J., absent.*