SPOONER *et al.* v. SPOONER.

No. 9572. DECEMBER 15, 1933.

*R. L. Cox* and *Hay & Gainey,* for plaintiffs in error.

*P. D. Rich,* contra.

BELL, J.   Carl Spooner brought suit for land in the fictitious form against Howard Spooner as tenant in possession, and Lila May Spooner as real claimant; and each of the defendants was duly served with a copy of the suit and process.   The defendants filed a joint plea in abatement for nonjoinder, alleging that Lila May Spooner was a minor under the age of 14 years, and that at the time the suit was filed Susan M. Spooner was the duly appointed and qualified guardian of the person and property of this defendant, and that the "said Susan M. Spooner is still such guardian;" that such guardian "is a necessary party to any suit affecting the rights and title to the property described in said suit," but that she was not made a party, and can not now be made a party thereto.   The "said guardian has never been served with a copy of the said suit, and has never acknowledged or waived service thereof, and has never admitted or acknowledged the jurisdiction of the court." Wherefore the defendants "pray that this special plea be sustained, and that said suit be dismissed, with costs against the plaintiff." This plea was verified by the affidavit of Susan M. Spooner.

Upon the filing of this plea *the plaintiff* moved that Susan M. Spooner as the guardian of the personal property of Lila May Spooner, the real claimant, be made a party defendant; and the court accordingly passed an order making the guardian a party, which order was passed without first issuing a rule nisi and without any service upon the guardian.   The plea in abatement filed by the defendants was then overruled.   At the next succeeding term of court Susan M. Spooner as guardian of Lila May Spooner, without acknowledging or waiving service or jurisdiction, filed as a special appearance a motion to dismiss the suit for the want of any service upon her, which motion the court overruled. · The defendants filed exceptions pendente lite to the overruling of the plea in abatement filed by the original defendants, and to the order making Susan M. Spooner as guardian a party defendant without first requiring her to show cause why she should not be made a party and served with such order, and affording her an opportunity to be heard.   The defendants also excepted pendente lite to the judg-

ment overruling the motion of Susan M. Spooner, guardian, to dismiss the case for the want of service upon her.

The trial resulted in a verdict in favor of the plaintiff for the recovery of the land, together with a sum as mesne profits. This verdict was rendered on April 23, 1932. The defendants made a motion for a new trial, at the time of filing which it was ordered that the motion should be heard and determined in vacation on September 3, 1932, and also that "the movant have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case, and the presiding judge may enter his approval thereon at any time, either in term or vacation; and if the hearing of the motion shall be in vacation, and the brief of evidence has not been filed in the clerk's office before the date of the hearing, said brief of evidence may be filed in the clerk's office at any time within ten days after the motion is heard and determined." On the day last mentioned the motion was continued to September 24, 1932, which was also in vacation. On that date it was ordered that the motion be set for hearing and disposition at the regular October term, 1932, and that the provisions embraced in the original order be "continued in force until" that term. The motion was not disposed of during such term, and no order regarding the same was passed; but the motion was later assigned for hearing on February 4, 1933, in vacation, under notice given in accordance with the Civil Code (1910), §§ 4852, 4853, on which date the presiding judge sustained a motion to dismiss the motion for a new trial, on the ground that no brief of evidence had "been approved and filed;" and the movant sued out a bill of exceptions complaining of such dismissal and assigning error also on the exceptions pendente lite.

In the bill of exceptions it was recited, in effect, that the trial of the case was reported by the court stenographer, and that on account of the illness of the stenographer the movants had been unable to complete a brief of the evidence and have the same approved and filed before the date as finally designated for the hearing. It was further recited that the trial judge dismissed the motion for a new trial because he entertained the opinion that he "could not then or at any time thereafter approve a brief of the evidence and order the same filed in connection with such motion for a new trial," but that the right of the movants to present a brief of the evidence for

approval, and the court's jurisdiction to approve the same, had terminated with the close of the October term, 1932. The motion to dismiss the motion for a new trial as shown by the record was based upon the ground that "no brief of the evidence has been approved and filed by the movant in said case." The order rendered thereon was as follows: "This motion having been regularly set for this time, after argument on both sides, the said motion for new trial is hereby dismissed."

■ If the court was right in dismissing the motion for a new trial, the entire case was ended, and the other questions can not be determined under the present writ of error. *Reed* v. *Warnock,* 146 *Ga.* 483 (2) (91 S. E. 545). In these circumstances we will first consider the question whether the court erred in dismissing the motion for a new trial. Under the original and subsequent orders, the movant had *until the hearing* to prepare and present for approval a brief of the evidence, with the right to file such brief at any time within ten days after the motion might be heard and determined. The right as thus stated was not limited or withdrawn by the order by which it was provided that the hearing should be had at a stated regular term and that the conditions of the original order should be "continued in force until" that term. The statement that the right granted in the previous order should be continued in force until such term was an assurance which was entirely unnecessary, and did not amount to an adjudication that the right would continue in force until the term referred to, but no longer. The last order can not be construed as showing an intention on the part of the trial judge thus to qualify the right of the plaintiff as originally granted. *Napier* v. *Heilker,* 115 *Ga.* 168 (41 S. E. 689) ; *Mutual Life Ins. Co.* v. *Hamilton,* 119 *Ga.* 338 (46 S. E. 434) ; *Maynard* v. *Head,* 78 *Ga.* 190 (1 S. E. 273) ; *Shockley* v. *Turnell,* 114 *Ga.* 378 (40 S. E. 279) ; *Thomas* v. *Dockins,* 75 *Ga.* 347 (3) ; *Williams* v. *Central Railroad,* 77 *Ga.* 612 (3 S. E. 88) ; *Broadway National Bank* v. *Kendrick,* 124 *Ga.* 1053 (53 S. E. 576) ; *Miller* v. *Thigpen,* 121 *Ga.* 475 (49 S. E. 286) ; *Owens* v. *Hansen,* 131 *Ga.* 803 (63 S. E. 346) ; *Eady* v. *Atlantic Coast Line R. Co.,* 129 *Ga.* 363 (58 S. E. 895) ; *James* v. *John Flannery Co.,* 6 *Ga. App.* 811 (65 S. E. 153) ; *Lee* v. *Cox,* 15 *Ga. App.* 249 (82 S. E. 941). Whether or not the presiding judge would have had any jurisdiction or power by a mere vacation order to withdraw or

limit the rights granted to the movants under the original term order is a question which need not be determined in the present case.

It is insisted by counsel for the defendant in error that the oral statement by the presiding judge as to his reason for dismissing the motion for a new trial should not be considered by this court, and under the facts of the record we agree with this contention. Consistently therewith we are also of the opinion that the dismissal can not be affirmed upon the ground that the judge had a discretion to dismiss the motion for a failure to prepare and present for approval a brief of evidence in accordance with the original order. Cf. *Davis* v. *State*, 8 *Ga. App.* 711 (70 S. E. 148) ; *Dublin Hame Works* v. *Ross-Mehan Foundry Co.*, 128 *Ga.* 399 (57 S. E. 683). The judgment of dismissal must be construed in connection with the motion to dismiss as filed by the plaintiff; and upon a fair consideration of these cognate portions of the record, it is apparent that the judge did not dismiss the motion in the exercise of a discretion, but that he sustained the motion of the plaintiff to dismiss the motion for a new trial upon the ground that "no brief of the evidence had been approved and filed." The original order did not require that a brief of evidence should be approved or filed before or at the hearing, but provided that the movant should have until the hearing to *prepare and present* for approval a brief of evidence in the case, and that the brief might be *filed* within a stated time thereafter. Since it appears that the court did not exercise a discretion, but dismissed the motion upon a ground which was as a matter of law contrary to the original order, the judgment of dismissal was erroneous, and under the authorities cited above should be reversed. Since the order in the present case allowed the movant "until the hearing, whenever it may be," to prepare and present for approval a brief of evidence, and upon such approval to file the brief at any time within ten days after the motion should be heard and determined, the present case is unlike the following cases where the orders respectively contained language materially different from that in the case at bar : *Blackburn* v. *Alabama Midland Ry. Co.*, 116 *Ga.* 936 (43 S. E. 366) ; *Blount* v. *State*, 9 *Ga. App.* 575 (71 S. E. 877) ; *Rogers* v. *State*, 11 *Ga. App.* 368 (75 S. E. 360).

■ In a suit for land against both the tenant in possession and

the real claimant, service of which was duly made upon each defendant, where the latter who was a minor and had a statutory guardian filed a plea in abatement for nonjoinder of such guardian, it was error for the court at the instance of the plaintiff to make the guardian a party defendant and to overrule the minor's plea, without first issuing a rule nisi and requiring service to be made upon such guardian; and where the guardian thereafter, without acknowledging or waiving service or jurisdiction, filed as a special appearance a motion to dismiss the suit because of the facts herein stated, including the lack of any service of the suit upon the guardian, this motion, in the absence of further proceedings, should have been sustained, and it was error to overrule the same. Where the guardian did not acknowledge or waive service, the suit was not in proper condition to proceed to trial against the minor until service of a copy of the suit and process had been perfected upon the guardian. *Maryland Casualty Co.* v. *Lanham,* 124 *Ga.* 859 (53 S. E. 395); *Douglas* v. *Johnson,* 130 *Ga.* 472 (2) (60 S. E. 1041); *Miller* v. *Luckey,* 132 *Ga.* 581 (64 S. E. 658); *Welch* v. *Agar,* 84 *Ga.* 583 (11 S. E. 149, 20 Am. St. R. 380); *Burnett* v. *Summerlin,* 110 *Ga.* 349 (2) (35 S. E. 655). Ordinarily, in order to make a new party, it is sufficient merely to serve a copy of the order to "show cause" (Civil Code of 1910, § 5601; *Wheeler* v. *Horne,* 136 *Ga.* 486 (2 a), 71 S. E. 901); but under the statute the rule is otherwise where it is sought to bring in a guardian as the representative of a minor. In the latter case service of the petition and process must be made upon the guardian "as usual." Civil Code (1910), § 5565.

The present case is distinguished from cases dealing with the circumstances under which a judgment in a suit for land filed and prosecuted against the tenant in possession may be binding upon the real claimant, who was not made a party defendant, such as *Rodgers* v. *Bell,* 53 *Ga.* 94; *Williamson* v. *Heyser,* 74 *Ga.* 271; *Blalock* v. *Newhill,* 78 *Ga.* 245 (2) (1 S. E. 383); *Jefferson* v. *Hartley,* 81 *Ga.* 716 (9 S. E. 174); *Sanford* v. *Tanner,* 114 *Ga.* 1005 (41 S. E. 668); *Ballard* v. *James,* 117 *Ga.* 823 (2) (45 S. E. 68); *Bower* v. *Cohen,* 126 *Ga.* 35 (54 S. E. 918); *Harrison* v. *Hester,* 163 *Ga.* 250 (3) (135 S. E. 845); and see also Powell on Actions for Land, 71, § 41. In the instant case the real claimant was actually made a party defendant, and was duly served; and since the plaintiff was

thus seeking a judgment which within itself would be binding upon such claimant as a party to the record, and since this defendant was a minor, the suit could not proceed to a proper judgment except in the manner provided by statute.

The guardian did not waive service or jurisdiction by the special appearance and the motion to dismiss, or by verifying the plea in abatement filed in behalf of the minor. "The rule that appearance and pleading waives irregularities in the process or its absence, and the service thereof, and the other rule which declares that if a defendant appear and plead to the merits, without pleading to the jurisdiction and without excepting thereto, he admits the jurisdiction of the court, have no application so as to effect a waiver where the defendant excepted to the service, moved to dismiss the case for want of service, and pleaded to the jurisdiction at the time of filing his defense." *Stallings* v. *Stallings,* 127 *Ga.* 464 (6) (56 S. E. 469, 9 L. R. A. (N. S.) 593).

*Judgment reversed. All the Justices concur, except Hill, J., absent because of illness.*