SPOONER *v.* SPOONER *et al.; et vice versa.*

Nos. 10641, 10650. JUNE 12, 1935.

*P. D. Rich* and *W. V. Custer & Son,* for plaintiff.
*R. L. Cox* and *Hay & Gainey,* for defendants.

BECK, Presiding Justice. Carl Spooner brought ejectment against both the tenant in possession and the real claimant, a minor. The latter filed a plea in abatement, based on nonjoinder of her guardian, and at the instance of the plaintiff the guardian was made a party defendant. Upon appeal to the Supreme Court (*Spooner* v. *Spooner*, 178 *Ga.* 105, 172 S. E. 5), it was held to be error to make the guardian a party defendant and to overrule the minor's plea, without first issuing a rule nisi and requiring service to be made upon such guardian. Following the Supreme Court's decision service was made upon the guardian, who made a motion to dismiss the case, and also prayed that plaintiff's petition to perfect service upon the minor be denied. By amendment the plaintiff sought specific performance of an alleged parol gift to him. The guardian answered the petition as amended, and also filed a motion to require the plaintiff to answer the new matter set up in her answer; and upon order of the court the plaintiff filed such replication. The demurrer and motion to dismiss were renewed by the guardian, and upon the hearing the court dismissed the plaintiff's case.

The petition as amended contains allegations of a parol gift of the land to petitioner, possession, valuable improvements made, and payment of a certain sum to cover taxes and assistance in the maintenance of a younger brother of petitioner; and there is also the allegation of an express promise on the part of the plaintiff's father, who was owner of the land in question at the time, to make the plaintiff in this suit a deed after the younger brother became of age. It appears also from the statement in the pleadings that the plaintiff was forcibly evicted from the land, after four years of occupancy, by the alleged donor, his father, though it is alleged that the father continued to speak of the land as that of the donee. The plaintiff contends that if his right existed at the time he was unlawfully evicted by his father, the donor, and the father continued to recognize the land as that of plaintiff, the father's tenure was that of a trespasser, and prescription would not begin to run. Plaintiff explains his inaction upon the ground that his father was a man of high temper, and he took no action in his father's lifetime, to avoid having serious trouble with him. The father died in 1929, and the suit was filed in 1931; and it is insisted that the judge erred in holding, under the doctrine of laches and stale de-

mands, that plaintiff was not entitled to recover. We can not agree with this contention of the plaintiff. It is true, as counsel for plaintiff insist, "courts of equity usually act in obedience and in analogy to the statute of limitations in cases where it would not be unjust and inequitable to do so." *McDonald* v. *Sims,* 3 *Ga.* 383. See also *Delkin* v. *McDuffie,* 134 *Ga.* 517 ·(68 S. E. 93). Counsel for the plaintiff also rely on the rule stated in *Kealon* v. *McGwier,* 24 *Ga.* 217, 236, where this doctrine is laid down: "In a court of equity, however, these statutes [of limitations] are not allowed to extend to every case to which they extend in a court of law. In a court of equity, they are not allowed to extend to cases of fraud whilst the fraud remains undiscovered; or to cases in which the injured party lives under an influence proceeding from the other party, which is so great as to be 'undue.' I do not know of any rule which defines what is the amount of this influence that it takes to make the influence undue. I suppose, however, that we may safely say this much, that if the amount is so great as to make the injured party rather forego exacting his rights, than by exacting them run the risk of displeasing the injuring party, the amount is undue." We do not see anything in the facts of this case to make the doctrine there stated applicable here. The parol gift which is insisted upon was made in 1906; the son was evicted in 1910, four years thereafter; the donor remained in life nineteen years after the alleged eviction; and the plaintiff, who alleges himself to have been the donee, brought no suit and took no action for nineteen years, until long after the father had deeded the land (March 5, 1921) to a minor daughter. We do not think that the mere fear that he expressed of having trouble with his father would excuse this long delay. If it were merely a matter of delay in bringing the action, the court might hold that it would be unjust and inequitable to act ·in obedience and in analogy to the statute of limitations. But it is not merely a case of where the party delayed for an unreasonable time to take action, but he failed to take any action during his father's lifetime; and when his father had died and could not deny the allegations that the plaintiff makes, then the latter came into court and insisted on the right to specific performance. Not only had the father died and his mouth been closed, so that he could not explain all the circumstances, but in the long period during the time the plaintiff did not act·the father

deeded the land to another, and the plaintiff also seeks to recover against that other. Reading the entire record in this case, the plaintiff does not state a case which appeals to the conscience of a court of equity. On the other hand he shows clearly that he is not entitled to recover. He was guilty of such laches, and his demand was so stale that even if the court ought not, merely on the ground of the lapse of time, to refuse to follow the analogy of the statute of limitations, the application of equitable principles is a bar to the plaintiff's right to recover; and the court properly dismissed the case.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*