25420, 25461. BROOKS *v.* SIMS, executrix, *et al.;* and *vice versa.*

Decided July 7, 1936. Rehearing denied July 23, 1936.

*Roberts & Roberts,* for plaintiff.

*James W. Arnold, E. W. Roberts, Morris Kelly,* for defendants.

SUTTON, J.  Mrs. W. A. Brooks, the daughter of R. H. Parker, deceased, filed suit against Mrs. M. C. Sims and herself, as executrices of the will of R. H. Parker, their father, alleging that the estate of R. H. Parker was indebted to her in the sum of $3048 for services rendered by her to him during his lifetime, as per statement of account attached to the petition.  The statement set out that the estate of R. H. Parker was indebted to the plaintiff for the care and attention rendered by her to the deceased from September 17, 1926, to January 2, 1932, at $50 per month, being $3175, less a credit of $127, to wit $3048.  Mrs. Sims filed her answer in which she denied the plaintiff's claim, and set up that part of the same, if plaintiff had any right of action, was barred by the statute of limitations, being for services rendered more than four years before the death of the testate.  On the trial the plaintiff introduced evidence tending to show that she nursed and took care of her father, who was aged and infirm, during the last years of his lifetime; that he often made statements that he was going to pay plaintiff well, and that he wanted her paid well for her services; that he was well pleased with the care and attention he was receiving; that the arrangements under which he went to live with the plaintiff and her husband were that he was to furnish his "rations," that is, so much sugar, meat, flour, coffee, etc., and if plaintiff's husband did any work for him he would pay her husband for the same; and that plaintiff was to be paid whatever it was worth for her services in waiting on her father, but no amount was mentioned or agreed on between them.  The plaintiff testified that her father had paid on account of her services only $127, the same having been in small amounts at various times; and one witness, who had visited plaintiff's home during this time, testified that services of the kind rendered by plaintiff to her father were worth from $40 to $50 a month.  The defendant introduced evidence tending to show and from which the jury could find that when the father went to the home of the plaintiff to live, he had considerable money, and also owned considerable property (which was admitted by plaintiff's counsel); that he went to plaintiff's home to live un-

der the arrangement only that he would pay his own way and furnish his own provisions and furniture for his room; that he paid his own way; that he had turned over to plaintiff and her husband considerable sums of money during the time he lived with her, and also had turned over to them the rents·from a farm he had, amounting to a substantial sum each year; and that the plaintiff had stated that her father had paid her well for everything that she had ever done for him. The jury returned a verdict in favor of the defendants. The plaintiff moved for a new trial on the general grounds, and by amendment added special grounds. · The judge overruled the motion, and the plaintiff excepted. The defendants moved to dismiss the motion for new trial, and objected to the continuance of the hearing thereof; and to the ruling of the judge denying that motion and overruling the objection to the continuance the defendants excepted pendente lite and assigned error thereon in the cross-bill of exceptions.

■ The verdict and judgment were rendered on May 22, 1935. On May 23, 1935, during the term, the plaintiff moved for a new trial, and the judge entered an order setting the motion for a hearing on July 13, 1935, in which order it was provided that the "movant have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case, and the presiding. judge may enter his approval thereon at any time, either in term or vacation; and if the hearing of the motion shall be in vacation, and the brief of evidence has not been filed in the clerk's office before the date of hearing, said brief of evidence may be filed in the clerk's office at any time within ten days after the motion is heard and determined." On July 13, 1935, counsel for plaintiff appeared and moved that the court continue the hearing until August 3, 1935, on the ground that the motion had not been completed through no fault of the movant, and that this motion was not made for delay. Counsel for the defendants objected to the granting of the continuance, and moved to dismiss the motion for new trial on the ground that no brief of evidence had been prepared and presented for approval and filed on July 13, 1935, the date set in the order for a hearing of the motion for new trial, as required by law. The judge denied the motion to dismiss, overruled the objection to a continuance, continued the hearing until August 17, 1935, and gave counsel for the plaintiff until that date

to perfect the motion for new trial and prepare and submit for approval a brief of evidence. The defendants excepted pendente lite to these rulings. "All applications for new trial, except in extraordinary cases, must be made during the term at which the trial was had; and when the term continues longer than thirty days, the application shall be filed within thirty days from the trial, together with a brief of evidence, subject to the approval of the judge and subject to the right of amendment allowed in applications for a new trial; but all applications herein provided for may be heard, determined, and returned in vacation." Code, § 70-301 (6089). "Where an order shall be taken to hear a motion for a new trial in vacation, the brief of evidence shall be presented for approval within the time fixed by the order, or else the motion shall be dismissed. At the time fixed for the hearing, the judge may finally approve the motion and brief, with all amendments thereto, and pass on the motion, with the right to either party to except as in term time; but the judge in his discretion, before or at that time, may adjourn the hearing to another date in vacation, with like power, or until the next term. Where through no fault of the movant a motion is not heard in vacation, or where a hearing is adjourned to the next term, the motion stands for hearing in term as if no order had been taken." Code, § 70-302. "The trial judge having in his original order on the motion for a new trial ordered 'that the movant have until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence in said case,' the court did not err in refusing to dismiss the motion because of the failure of the movant to file a brief of the evidence" on the date set in the original order. The movant had until the final hearing, whenever it might have been, to perfect the motion for new trial and to prepare and present for approval a brief of the evidence, and he had ten days from that time in which to file the brief in the clerk's office. *Lee* v. *Cox*, 15 *Ga. App.* 249 (82 S. E. 941); *Owens* v. *Hansen*, 131 *Ga.* 803 (63 S. E. 346); *Mutual Life Insurance Co.* v. *Hamilton*, 119 *Ga.* 338 (46 S. E. 434); *Spooner* v. *Spooner*, 178 *Ga.* 105, 108 (172 S. E. 5), and cit.; *James* v. *John Flannery Co.*, 6 *Ga. App.* 811 (66 S. E. 153); *Mitchell* v. *Masury*, 132 *Ga.* 360 (64 S. E. 275); *Elmore* v. *Thaggard*, 130 *Ga.* 701 (61 S. E. 726). The action of the judge in granting a continuance of the hearing of the motion for new trial

under the Code, § 70-302, is discretionary on his part. See *James v. John Flannery Co.*, supra; *Johnson v. Jackson*, 60 *Ga.* 57. It follows that the judge did not err in denying the motion to dismiss the motion for new trial, and in overruling the objection to the grant of a continuance of the hearing.

■  The plaintiff contends that the judge erred in charging the jury as follows: "Ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof; but this presumption does not usually arise in cases between near relatives. Ordinarily where one renders in behalf of another valuable services, which are accepted by the latter, the law raises in favor of the former an implied promise to pay for the same, although no formal or express contract to pay has been made. Where, however, the parties sustain toward each other, the relation of parent and child, and the services performed are in the nature of care and attention bestowed by a daughter upon an old and infirm father, no such presumption arises by operation of law. In order, therefore, to sustain a recovery by the daughter for such services, it must affirmatively appear, either that they were rendered under an express contract that the daughter was to be paid for them, or the surrounding circumstances must plainly indicate that it was the intention of both parties that compensation should be made, and negative the idea that the services were performed merely because of the natural sense of duty, love and affection, arising out of this relation. Mere general expressions by the father, to the effect that the daughter had waited on him well, and that he wanted her to be well compensated for it, are not sufficient evidence of any contract, either express or implied, to pay for the expenses" (services?). The principles of law embodied in this excerpt from the court's charge were taken from the Code, § 3-107, *Hudson v. Hudson*, 90 *Ga.* 581 (16 S. E. 349), and *O'Kelly v. Faulkner*, 92 *Ga.* 521 (17 S. E. 847). Plaintiff states that the above excerpt was not applicable to the facts of this case, tended to confuse the jury, and was an expression of opinion on the part of the judge that plaintiff was relying for a recovery in this case upon an implied contract, when her case was in fact founded upon an express contract to care for her father with the understanding that he would pay her for the services, and that all of her evidence shows that no implied con-

tract was involved or relied on by her. This charge was not erroneous for any of the reasons assigned, but was pertinent and applicable under the facts of this case. There was evidence from which the jury could have found that plaintiff's father accepted her services in caring for him under an agreement that he was to pay her for the same. There was evidence from which the jury could have found that there were only mere general expressions on the part of the father that plaintiff had treated and was treating him well, and that he wanted her well paid therefor and would see that she was well paid. There was also evidence to support the contention of the defendant that there was no agreement that plaintiff would be paid anything, and that the only agreement under which the father went to plaintiff's home was that he was to furnish his own provisions and pay his own way, which he did, and that he had turned over to plaintiff and her husband considerable money and provisions, and that the plaintiff had stated that her father had paid her well for the services which she had rendered to him. All of these issues were properly submitted to and passed on by the jury, and were resolved against the plaintiff.

The judge did not err in charging the jury that "The full amount that plaintiff would be entitled to recover for her services in such case should be reduced by what she has actually received from the property or estate of her father in excess of what was necessary to support or maintain the latter during his lifetime." This charge was applicable and authorized by this ruling in *Hudson* v. *Hudson,* supra: "Whenever it is ascertained what is the full amount the plaintiff is entitled to receive for his services, if he is entitled to recover at all, there should be deducted from this amount all that he has received from the property of the father over and above what was necessary for the support and maintenance of the latter during his lifetime."

Under the evidence in this case the plaintiff claimed that she began rendering services to her father on September 17, 1926, that her father died on January 2, 1932, and that she was entitled to receive compensation therefor at $50 per month from said date in 1926 until her father died. Any claim of the plaintiff for services rendered before January 2, 1928, more than four years before the death of her father, was barred by the statute of limitations. Code, § 3-706; *Cooper* v. *Claxton,* 122 *Ga.* 596 (50 S. E. 399).

The following charge to the jury was not error under the law and the facts of this case: "Now if you find that Mrs. Brooks rendered her father services within four years before the bringing of this suit, she would be entitled to recover the reasonable value of those services, less whatever amount, if any, her father had paid her for them, and less whatever amount, if any, she received from the property of her father, in excess of what was necessary to support and maintain him. If she rendered the services and had been fully paid for them, of course, she would not be entitled to recover anything." Under the facts of this case and the law applicable, there was no error in the following excerpt from the charge of the court: "Now you will look to the evidence . . and see if Mr. Parker, the father, and Mrs. Brooks, the daughter, intended that she be paid for services rendered him; and if you believe no such understanding existed, then you would return a verdict for the defendant. . . If services were rendered for her father by Mrs. Brooks, out of natural love and affection, then I charge you she could not recover for them; and if she decided after she rendered these services that she should be paid for them, if at the time she rendered them she did so for the natural love and affection she bore for her father, she could not recover for them. On the other hand, if you believe it was the intention of both Mrs. Brooks and Mr. Parker that Mrs. Brooks should be paid for services rendered her father, you will look to the evidence and see what, if any, services Mrs. Brooks rendered him, and, if she rendered him services, what would be a reasonable value of such services. But I charge you that Mrs. Brooks could not recover for any services rendered prior to four years before the bringing of this suit, as all claims are barred in four years by the statute."

In several other grounds of her motion for new trial the plaintiff assigns error on the admission of certain evidence, both oral and documentary. She assigns error on the admission of testimony of one of the defendant's witnesses, a tenant of the deceased father, concerning a conversation with plaintiff's husband, relatively to an indebtedness which the witness was due to the estate after the father's death, wherein plaintiff's husband stated to the witness that he and his wife were willing for the witness not to pay anything further to the estate, and that he had done enough for the estate. This evidence had no bearing on any issue

in the case, and was irrelevant and immaterial. However, it is not shown that the same tended to prejudice the plaintiff's case in any manner. In these circumstances the admission thereof is not cause for the grant of a new trial to her. The fact that the conversation took place in the absence of the plaintiff does not show that the same was harmful to her. Her contention that the defendant was endeavoring to show by this witness that she and her husband were trying thus to influence this witness in their favor does not show any reason why this testimony was harmful and prejudicial. In the next ground the plaintiff assigns error on the admission in evidence of a statement made by her husband, not in her presence, to a witness, that her father "paid for his rations." This was objected to as hearsay, immaterial, made out of plaintiff's presence, and not binding on her, and therefore harmful. Under the facts of this case this statement was not harmful or prejudicial. It was not disputed that the deceased agreed to and did pay for his "rations." Both parties admit that the deceased went to live with plaintiff with the understanding that he was to furnish certain of his supplies, necessaries, etc., and to pay for the others needed by him, and there was no contention but that he did this. The contention by the plaintiff is that this understanding was with her husband, who was claiming nothing, and that in addition thereto the deceased was to pay her separately for her services in waiting on and nursing him; while the defendant contends that there was no such agreement, that plaintiff was not to receive anything for her services in this particular, that they were to be included in boarding and lodging her father, that the father had paid for everything that he was supposed to pay for, and that the plaintiff and her husband had received considerable money, foodstuffs, and supplies from their father and from his farm, which was rented. This evidence was hearsay, and was irrelevant and immaterial to the real issue in the case, and was as to a matter concerning which, except as to some minor details, there was no dispute between the parties. The admission of immaterial or irrelevant testimony, where not shown to be harmful, is not sufficient reason for the grant of a new trial. *Brown* v. *State*, 119 *Ga.* 572, 574 (46 S. E. 833) ; *Edwards* v. *Kellogg*, 121 *Ga.* 373 (49 S. E. 279) ; *Burch* v. *Americus Grocery Co.*, 125 *Ga.* 153 (53 S. E. 1008) ; *Armour Fertilizer Works* v. *Dwight*, 22 *Ga. App.* 144 (95 S. E. 746). That certain

testimony was admitted over objection, duly urged, that the testimony was hearsay, will not require the grant of a new trial, it appearing that the evidence, though subject to the objection made, could not have affected the verdict rendered. *South Ga. R. Co.* v. *Niles,* 131 *Ga.* 599 (62 S. E. 1042). Evidence of admitted facts, though erroneous for some reason, will not require a new trial. So the admission of hearsay testimony, though properly objected to, is not cause for the grant of a new trial, when the fact sought to be proved by such testimony has been admitted by the parties. *Niagara Fire Insurance Co.* v. *Williams,* 1 *Ga. App.* 603 (57 S. E. 1018) ; *A., B. & A. R. Co.* v. *Barnwell,* 138 *Ga.* 569 (75 S. E. 645). Under the defendant's contention that there was no agreement between the plaintiff and her deceased father that she should be paid for attending and waiting on him during the time he lived in her home, in addition to the board and lodging of her father, for which he paid, and that the claim of a contract to be compensated for these services was made because it was discovered by the plaintiff that a note of her husband, which had been indorsed by her father, was not paid, and the estate would have to pay the same, and that under her father's will the same would be deducted from plaintiff's share of the estate, the court did not err in admitting testimony of the cashier of the bank, to whom this note was due, concerning this note and payments thereon and renewals thereof, as complained of by plaintiff in her motion for new trial.

The court did not err, as contended by plaintiff, in admitting in evidence the statements of the bank account of the deceased father during the years he lived with plaintiff and her husband, including his canceled checks, although none of the checks were made payable to the plaintiff. Such evidence as to the financial condition of the father, and the amount of money expended by him during the years he stayed with the plaintiff, tended to substantiate the claim of the defendant that the deceased was able to and did pay for everything he needed and that was furnished to him during this time. There was evidence that plaintiff's husband was with the father when a great many of these checks were drawn, that the father was partly paralyzed and unable to write or attend to much that required physical action; and there was evidence that part of the rent coming to the father from his farm was paid to plaintiff's husband, and that he attended to the father's business for him, and

other parts of the rents from this farm were turned over by the tenant to the plaintiff at the request of the deceased father, and that the father drew a number of checks payable to cash and drew out the cash, and that some of the checks were made payable to plaintiff's husband. Defendant contended that plaintiff and her husband received considerable money from the property of her father during the time he was living in her home.

The court did not err in permitting a sister of the plaintiff to testify for the defendant as to a conversation with the deceased, to the effect that he would not live with any of his children except under the arrangement that he pay his way for everything and furnish all provisions and necessities himself, the plaintiff being present when the alleged conversation took place. This testimony was not inhibited by the Code, § 38-1603. *Renitz* v. *Williamson*, 149 *Ga.* 241 (99 S. E. 869).

Under the facts of this case the admission of certain evidence concerning the financial affairs and status of the deceased father during the years he lived with the plaintiff, and concerning any disposition of property by him, was not erroneous for any of the reasons assigned, and was not harmful or prejudicial to the plaintiff.

4. While under the evidence the jury could have returned a verdict in favor of the plaintiff, still a finding in her favor was not demanded. The verdict in favor of the defendant was authorized by the evidence; and there being no error of law, the judge did not err in overruling the motion for new trial.

*Judgment affirmed on both of the bills of exceptions. Jenkins, P. J., and Stephens, J., concur.*