## Hagler *et al. v.* Hagler.

Duckworth, Chief Justice. The petition of a brother and sister against the wife and sole heir of T. E. Hagler, whose estate owes no debts, praying for specific performance of either their alleged contract, while minors, with the deceased or a contract made after attaining their majority and reaffirmed in 1945, whereby, in consideration of the petitioners' caring for and serving the deceased as a parent he would adopt the petitioners, but alleging that the petitioners learned while minors but after reaching the age of discretion and understanding that they had not been adopted, and showing that they are now 30 and 35 years of age—thus showing no attempt to enforce the contract for the long period since they attained the age of 21, and also showing that T. E. Hagler died August 13, 1949, thus depriving a defense against their claims of the testimony of the person who knew more than anyone as to whether or not he made the contract—shows such delay and difficulty in defending the action until equity will interpose a bar of laches, and the court did not err in dismissing the petition on a demurrer raising this question. *Graves* v. *Decatur, 167 Ga.* 678 (146 S. E. 630); *Spooner* v. *Spooner, 180 Ga.* 686 (180 S. E. 730); *Rigdon* v. *Barfield, 194 Ga.* 77 (20 S. E. 2d, 587).

(*a*) The decision in *Crawford* v. *Wilson, 139 Ga.* 654 (78 S. E. 30), is not contrary to this ruling, for there the petitioner was told and believed that she had been adopted by her foster parent.

*Judgment affirmed. All the Justices concur.*

No. 17173. July 12, 1950. Rehearing denied July 24, 1950.

*James E. Short* and *O. N. Singleton,* for plaintiffs.
*R. S. Wimberly* and *Joseph M. Rogers,* for defendant.