WILLIAMSON *et al.*, executors, *vs.* HEYSER, executor.

1. A plaintiff in ejectment may in all cases make the true claimant of the title a defendant by serving a copy of the pending action upon him; and upon his being so notified, he shall be bound by the judgment both for the land and for mesne profits. Nor is he released from liability for mesne profits because he has rented the land to a tenant who has received the income arising therefrom.
(*a.*) If the recovery were against the tenant alone for the land and mesne profits, while it would have bound the landlord as to the land itself, it would not have bound him as to the mesne profits.
2. This case being without merit, and apparently brought here for delay only, ten per cent damages are awarded against the plaintiffs in error.

September 16, 1884

Ejectment. Parties. Landlord and Tenant. Practice in Supreme Court. Before Judge BOWER. Worth Superior Court. April Term, 1884.

Reported in the decision.

W. H. LASTINGER; SMITH & JONES. for plaintiffs in error.

D. H. POPE, for defendant

HALL, Justice.

To this action in the statutory form for the recovery of the premises, together with mesne profits, the defendant, Williamson, vouched his landlord, one Daniel Lote, who was thereupon regularly made a party and served. Lote died pending the suit, and his executor was made a party in his stead. On the trial of the case, it was admitted that the plaintiff had the title to the land and had a right to recover it; it was, however, insisted that, inasmuch as Lote's tenant, Williamson, had boxed and worked the trees growing upon the land for turpentine and had received the income arising therefrom, Lote was not liable for the mesne profits. The court was of a different opinion, and refused to set aside the verdict for mesne profits, if the plaintiff would write off from the sum found thereby $125, which was done within the time named in the order overruling the motion for a new trial upon that condition.

We are not aware of any rule or principle of law that would release a party wrongfully in possession of the land of another from liability to respond for its use, although he used it by a tenant to whom he had rented it. Just the reverse of this position is, in our opinion, the clear law of the case. What he cannot do himself, he cannot do by another. It is expressly provided that a plaintiff in ejectment may, in all cases, make the true claimant a defendant by serving a copy of the pending action upon him, and upon his being so notified, he shall be bound by the judgment. Code, §3360. In *Willingham vs. Long et al.*, 47 *Ga.*, 545, it is said that the only necessity for making such new party is to hold him for the mesne profits, and

this, it is added, "is especially true under our law, which. does not permit a new action for mesne profits, and authorizes all parties at interest to be made parties plaintiff or defendant." If the recovery had been against Williamson alone for the land and mesne profits, while it would have bound Lote as to the land itself, it would not have bound him as to the mesne profits; the judgment against Williamson alone for the mesne profits could not have been collected against Lote or his property, but had Lote been a party, however he became such, whether by the action of the plaintiff or by his own act, at the commencement of this suit or during its pendency, at any time prior to the trial, then the verdict and judgment would have bound him, not only as to the land, but also as to the mesne profits. *Gardner et al. vs. Grannis*, 57 *Ga.*, 550, 552. Neither party complains of the amount of the verdict, as it is reformed by the judgment of the court.

This bill of exceptions, under the repeated rulings of this court, is without merit, and, as it seems to us to have been brought for delay only, we award the plaintiff ten per cent damages upon the amount he is allowed by the judgment.

Judgment affirmed.