*Pottle & Hofmayer,* for defendant.

---

## HARRISON *et al. v.* HESTER.

1. The first ground of the amendment to the motion for new trial excepts to the ruling of the court permitting the plaintiff to testify that "John Harrison said I was the only one that could make a safe deed. My father, John Harrison, told me that the deed was made to me." The admission of this evidence was not error. It was material as tending to show when the plaintiff in this case ascertained that a deed had been executed, conveying the land in question to her by a former owner. It was contended by the defendants that the plaintiff was barred; that the suit was brought more than seven years after she attained her majority; while the plaintiff contended that she did not know of the existence of the deed which placed the title in her until sometime after she had reached the age of twenty-one; and the admission of this evidence was material in fixing the date upon which she ascertained the fact of her title. And this ruling applies to the ruling of the judge below admitting the evidence complained of in the next ground of the motion. There is no exception to the failure of the judge to restrict the effect of the evidence to this particular point.

2. Exception is taken to the following charge of the court: "I charge you further in that connection that if the defendants, or either of them, deterred the plaintiff from bringing her action, or asserting her rights, by actual fraud, that is, by conduct involving moral turpitude or by other conduct of such nature and character, by concealment or otherwise, as to actually deter the plaintiff, Mrs. Zenobia Hester, from asserting her rights, and you find under the evidence that was true, she would then be entitled to seven years after knowledge came to her, in which to prosecute her claim." This charge was not error upon the grounds urged, that there was no evidence to justify it, or that the jury might believe from this part of the instructions that silence on the part of the defendants would be a fraud on the plaintiff. There was evidence in the case from which the jury were authorized to find that Mrs. Demeris Brown, one of the defendants, and the grandmother of the plaintiff, actually kept the deed conveying the land to the plaintiff, which had been delivered to her, and thereby concealed the fact from the plaintiff that she had title to this land. And if she did so keep concealed and hidden this deed from her grandchild, who was then of tender years, and afterwards made and executed to another one of the defendants a deed to the same land, knowing that she had no title

---

Judgments, 34 C. J. p. 1019, n. 79; p. 1020, n. 3.
Limitation of Actions, 37 C. J. p. 1248, n. 24; p. 1258, n. 18.

to the same, the jury would be authorized to find that the concealment of the deed from the former owner to the plaintiff in this case, and the failure to deliver the deed to the grantee or to communicate to her knowledge of its existence, was actual fraud involving moral turpitude such as would work a suspension of the statute, and the charge complained of was not open to the criticism made upon it. And this applies also to a similar charge upon the same subject, contained in the next succeeding ground of the motion for new trial.

3. The court erred in admitting in evidence the record of a suit for the land involved in the present case and the judgment rendered therein in favor of the plaintiff in this case, as the former suit was against a defendant other than those who were made defendants in this case, and there is no proof that the defendant in the present case was served and thus notified of the former suit against another defendant.

No. 5518. NOVEMBER 20, 1926.

Ejectment. Before Judge Camp. Laurens superior court. May 15, 1926.

*C. C. Crockett,* for plaintiffs in error. *Hightower & New,* contra.

BECK, P. J. Mrs. Zenobia Hester brought ejectment against Mary E. Harrison, Demeris Brown, and Ethel Brunet. The declaration contains two demises; one in the name of Ed Holmes, the other in the name of Zenobia Hester. Mrs. M. E. Harrison was the wife of L. E. Harrison, who was the defendant in the case of *Hester* v. *Harrison,* 156 *Ga.* 240 (119 S. E. 392). The jury trying the case returned a verdict in favor of the plaintiff. Defendants made a motion for new trial, which was overruled, and they excepted.

1-2. The rulings made in the first two headnotes require no further elaboration.

3. The remaining ground of the motion for new trial not disposed of by the rulings made in headnotes one and two contains exception to the ruling of the court in the admission in evidence of a suit in ejectment for the land involved in this case, brought by Mrs. Zenobia Hester against L. E. Harrison, and a verdict and decree therein in favor of the plaintiff in that case, who is also the plaintiff in the present case. The evidence was objected to upon the ground that it was irrelevant in this case, and that the judgment in the case of *Hester* v. *Harrison,* supra, could not be binding upon the defendants in this case. We are of the opinion that this evidence should have been repelled upon the objection made. If it had been shown that Mrs. M. E. Harrison, the wife of L. E. Harrison, had been served or notified of the pending action, then

the evidence might have been admissible on the ground that Mrs. Harrison would be bound by the judgment against her husband, if he was her tenant; and there is some evidence in the record from which the jury might have been authorized to find that while L. E. Harrison and his wife were both upon the land and that she claimed title to it, his relationship to the land was analogous to that of a tenant; for his wife testified on the trial that she and her husband both lived upon the land, that he returned it for taxation, and that he worked it for her; that they both worked it together. But the mere fact that he was the tenant on the land not claiming title thereto, that he was the tenant on the land of his wife, did not make a judgment against him binding upon her. In the case of *Rodgers* v. *Bell,* 53 *Ga.* 94, it was said: "When an action of ejectment is brought against one in possession of land, who is in fact a tenant of a third person, and it appears that the landlord knows of the suit, though he is not made a formal party, and the plaintiff recovers the land, he may, under a writ of possession, turn out, not only the tenant, but the landlord who has resumed the possession." But in the case of *Sanford* v. *Tanner,* 114 *Ga.* 1005 (41 S. E. 668), after quoting the extract which we have just quoted, this court said: "In that case, however [*Rodgers* v. *Bell,* supra], it appears from the established facts that the landlord not only had knowledge of the pendency of the suit, but employed counsel and afforded the means of defending the action in his tenant's name." And it was also said in the case of *Sanford* v. *Tanner,* supra: "In the case of *Blalock* v. *Newhill,* 78 *Ga.* 245 [1 S. E. 383], the only point ruled in this connection was, that, in a complaint for land in the statutory form, the real claimant of the title could be made a party defendant by serving him with a copy of the writ, and when so brought into the case it could proceed against him as well for mesne profits as for the land. It is provided in the Civil Code [1895], § 5001, that 'A plaintiff in ejectment may in all cases make the true claimant defendant by serving a copy of the pending action upon him, and the person so notified shall be bound by the judgment.' These are the exact words used in the ruling made in the case of *Williamson* v. *Heyser,* [74 *Ga.* 271], and were extracted from the Code of 1882, § 3360, and the principle which they enunciate has been recognized as law in this State for a long period of time. So far as we have

been able to discover, there is no adjudication anywhere that the landlord shall be bound by a judgment rendered in an action of ejectment against a tenant, when he has no notice of the pendency of such action, and no opportunity to assert his title. The cases cited by plaintiff in error do not sustain the proposition for which he contends, nor is it a sound one under the common law. On the contrary it may be taken as established that if the owner of the land or the real claimant thereto is not served or notified of the pending action, both upon principle and authority he can not be bound by the judgment rendered against his tenant." Here the court recognized it as the true doctrine, that where the suit is against the tenant, the owner of the land is not bound by the judgment rendered against his tenant, where he is not "served or notified of the pending action." And we do not think it can be said that the owner of land is "served or notified" by evidence showing merely that such owner "knew about the suit that was filed against" the tenant. In the present case it is not shown that the defendant, Mrs. M. E. Harrison, was served or notified. There is testimony that she "knew about" the case, but what exact knowledge was communicated, how it was communicated, or who communicated it, is not shown. Nor is it shown that she had an opportunity of defending or was called upon to defend her title in any way. Treating the husband as the tenant of his wife at the time he was sued for the land, it is not shown that he called upon her to defend the title or to assist him in defending it. We do not think, therefore, that if it be conceded that L. E. Harrison at the time he was sued stood in relation to Mrs. Harrison and the land as a tenant, the judgment was binding upon her in the absence of proof that she was served or notified; and consequently it was error to admit this evidence.

*Judgment reversed. All the Justices concur.*