## 30209. MATHEWS v. BROWN.

INGRAM, Justice.

Appellant is the plaintiff in the trial court where he filed a suit in ejectment against the tenant of a third party seeking to establish his claim of title to the real property occupied by the tenant and also seeking mesne profits. The tenant answered that he was in possession under his landlord who had an outstanding paramount title to the property superior to that of appellant. The third party landlord was not made a party to the case, but after the tenant moved out, the landlord defended the case in his tenant's name. Appellant's motion for summary judgment was denied in the trial court and he appeals upon obtaining a certificate to do so.

The parties served interrogatories upon each other. Some were answered and some were not. The trial court,

after a hearing, overruled appellant's objections to two of defendant's interrogatories and also overruled appellant's motion to compel answers by defendant to several of many interrogatories addressed to him. Thereafter, in 1971, appellant's attorney stipulated the case to the active list for trial, certifying to the trial judge that the case was ready for trial as discovery and all other preliminary matters had been completed. Subsequently, in September, 1974, appellant filed his motion for summary judgment and a hearing was set on the motion for November 4, 1974. On the day before the hearing, two affidavits in opposition to the motion were served on appellant's counsel. They were considered by the trial court along with an affidavit of the appellant and other evidence presented at the hearing. The trial court determined the affidavits submitted on behalf of the defendant created an issue of material fact in the case and therefore overruled the motion for summary judgment.

Appellant seeks a reversal of the trial court's judgment on the theory that the opposing affidavits were not filed on behalf of the defendant but were actually filed on behalf of the defendant's landlord by his attorney and that the affidavits were not made on personal knowledge and create no issue for trial.

The basic legal difficulty with appellant's failure to make the landlord a party is that if he hopes to obtain a judgment that is binding on the landlord, he needs to involve him in the litigation. Where the landlord, as the real claimant to the land, is not served and has no opportunity to assert his title, he cannot be bound by the judgment rendered against his tenant. *Harrison v. Hester,* 163 Ga. 250 (3) (135 SE 845) (1926). Since the landlord, as the actual claimant to the title litigated here, has for all practical purposes taken over the defense of this suit, the issue of superior title to the disputed property can be adjudicated between the actual parties at interest. Therefore, we hold that the defendant's landlord, as the real claimant, can properly defend the case and was authorized to employ counsel to assert whatever claim he has to the property. However, under the present Code pleading practice the landlord should be made a formal party to the case.

The landlord was authorized to defend the suit in his tenant's name under the former practice without being formally joined as a party. See *Sanford v. Tanner,* 114 Ga. 1005, 1010 (41 SE 668) (1902). The CPA (Code Ann. § 81A-121) now permits joinder of parties by the court on its own initiative at any stage of the action and on such terms as are just. As the landlord has in fact defended the suit, the trial court is directed to enter an order formally joining him as a defendant. The case can then proceed to trial of the issues unless it is determined that appellant is entitled to summary judgment on the merits of the record before this court.

What of the sufficiency of the affidavits themselves which were filed in opposition to the motion for summary judgment? Appellant argues they create no issue of material fact and were not made on personal knowledge. The affidavits present evidence of non est factum regarding an important deed in the case, one upon which appellant relies to establish his claim of title. The affidavit of Ruby Leontine Mathews flatly asserts that she is the daughter of the grantor in the deed to appellant and that she lived with her mother and took care of her during the year the mother is alleged to have signed the deed in question. The affiant asserts plainly that, to her knowledge, her mother did not sign the deed to appellant. She also avers that she is familiar with her mother's signature, having seen her sign many times, and that affiant has examined the deed in question and the signature of the grantor thereon "does not appear . . . to be the signature of her mother." Since the disputed deed bears the name of affiant's mother as the grantor, this affidavit alone raises an issue for a jury to determine as to the genuineness of the deed. See Code Ann. § 29-415.

Although neither of the two affidavits offered in opposition to the motion for summary judgment recites the affidavit is made on the personal knowledge of the affiant, it appears the facts contained therein are based on the personal knowledge of the affiant. Under these circumstances, the failure of the affidavits to assert they were made on personal knowledge will not require disregarding them. See Judge Homer Eberhardt's concurring opinion in *Federal Ins. Co. v. Oakwood Steel*

*Co.,* 126 Ga. App. 479, 482 (191 SE2d 298) (1972), and *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442) (1962).

The remaining two errors enumerated for consideration relate to the discovery rulings made by the trial court almost four years prior to the filing of the motion for summary judgment. Appellant offers no authority in support of these enumerations and we find no error. Apparently, these interlocutory rulings were not considered vital to appellant's case or his motion for summary judgment as appellant stipulated the case to the active list for trial and certified to the trial judge that all discovery was complete and thereafter filed his motion for summary judgment. We affirm and return the case to the trial court for trial with direction that the landlord, Donald W. Pendley, be formally joined as a defendant in the case.

*Judgment affirmed with direction. All the Justices concur.*

SUBMITTED AUGUST 8, 1975 — DECIDED OCTOBER 1, 1975 — REHEARING DENIED OCTOBER 28, 1975.

*Oze R. Horton,* for appellant.
*Thomas K. McWhorter,* for appellee.