## 33006. SWICORD et al. v. HESTER.

BOWLES, Justice.

This case involves a boundary line dispute between the parties. The plaintiff-appellee filed for a temporary restraining order to restrain and enjoin the defendants-appellants from destroying the existing fence line and growing plants on their property until the matter could be resolved in court. Appellants answered, denying that there was any genuine dispute of the dividing line, alleging that the dividing line is as shown by appellee's deed and claiming that the old fence line is on the property of the appellants.

The case proceeded to a jury trial. A verdict was returned in favor of the appellee, declaring the old fence to be the boundary line between the two tracts. Judgment was entered on the verdict. Appellants filed this appeal, enumerating four errors.

1. After reviewing the pleadings and the evidence, we find that the appellee proved, with the requisite degree of particularity, the property which he sought to protect. Appellee, in his complaint, alleged that an existing fence line was the dividing line between his and appellants' property. Several witnesses testified as to its location, and to the lines which completely enclosed the property to be

recovered. The defense introduced a plat showing the disputed area.

A description of boundaries is sufficient if it describes a completely enclosed tract, even though no courses or distances are given. *Hardy v. Rylie,* 182 Ga. 618 (186 SE 727) (1936). See *Jackson v. Sanders,* 199 Ga. 222 (33 SE2d 711) (1945) and cits. It was not error to deny appellants' motion for directed verdict at the close of the evidence.

2. We have reviewed the evidence in the case and find that it is sufficient to uphold the verdict. The plaintiff could rely on his deed in aid of his proof of title but he was not bound to do so. Adverse possession alone meeting the requirements of Code Ann. §§ 85-402, 85-406, could support his claimed title. He could also tack his own possession to that of his predecessor from whom he purchased to make out the prescriptive period. Code Ann. § 85-416.

His proof presented at trial viewed in the light of the any evidence rule showed that his predecessor went into peaceful possession of the disputed area and adjoining land in 1949 when he built a chicken house thereon and exercised other rights of peaceful possession to the exclusion of anyone else. This possession continued until the controversy arose in 1974. His predecessors testified they sold the land to plaintiff during the period of peaceable possession. This evidence alone is sufficient to support the jury verdict.

3. Appellee claimed the disputed strip of land by adverse possession. Therefore, it was not error to admit testimony by witnesses tending to show the character of his possession. *Blakey v. Bank of Richland,* 150 Ga. 782 (105 SE 494) (1920).

4. The jury found in favor of the appellee, who was contending that the old fence line was the proper dividing line between the properties of the parties. That line was identified and located by the evidence. Judgment was entered on the verdict, and a plat entered into evidence during the trial was attached to that judgment to further clarify the land line. The plat attached to the decree shows courses and distances along the disputed line where the plat introduced into evidence by the defendant did not. However, the plat in evidence shows other courses and

distances and is *drawn to scale*. The trial judge, with the benefit of this evidence and reasonable skill, could make the plat attached to the decree speak the truth, and in so doing, mold the verdict so as to do full justice to the parties. Code Ann. § 110-106. See also *Harvey v. Head,* 68 Ga. 247 (1) (1881); *Powell v. Moore,* 202 Ga. 62 (1) (42 SE2d 110) (1947); *Sheldon v. Hargrose,* 213 Ga. 672 (2) (100 SE2d 898) (1957). Under these circumstances, we do not find that verdict and judgment were too vague and uncertain to be enforced.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 22, 1977 — DECIDED JANUARY 5, 1978.

*Ben Kirbo,* for appellants.
*James M. Pace, Jr.,* for appellee.

