## 55080. SMITH et al. v. GIBBS et al.

BANKE, Judge.

The appellants, defendants below, appeal the grant of summary judgment to the plaintiff on the issue of liability in a rear-end collision case.

The sole question with which we are presented is whether the affidavit filed by the plaintiff in support of the motion for summary judgment establishes a prima facie case against the defendants. In that affidavit, the plaintiff's wife states that while her automobile was stopped at an intersection in broad daylight it was hit from the rear by an automobile driven by defendant James David Smith and owned by defendant Alice M. Smith. The defendants did not submit counter-affidavits but urge on appeal that the plaintiff's affidavit should not have been considered because it was based on hearsay rather than personal knowledge.

Although the affidavit does not recite that it was based on personal knowledge, it appears certain that the affiant was in a position to perceive both how she was hit and who hit her. Since the defendants did not controvert her account, either by filing a counter-affidavit or by making any other objection of record, the trial court was entitled to rely on it in finding James David Smith negligent as a matter of law. See *Mathews v. Brown,* 235 Ga. 454 (219 SE2d 701) (1975); *Ga. Hwy. Express, Inc. v. W. D. Alexander Co.,* 124 Ga. App. 143 (183 SE2d 215) (1971); *Smith v. Ragan,* 140 Ga. App. 33 (1) (230 SE2d 89) (1976).

The statement that Alice M. Smith owned the vehicle driven by David Smith, however, is a legal conclusion for which the record discloses no factual support. Absent an affirmative indication that the affiant had personal knowledge on which to base that conclusion, it must be disregarded, and the summary judgment against Alice M. Smith must accordingly be reversed. See Code Ann. § 81A-156 (e). Accord, *Salters v. Pugmire Lincoln-Mercury, Inc.,* 124 Ga. App. 414 (1) (184 SE2d 56) (1971).

*Judgment affirmed in part and reversed in part. Deen, P. J., and Smith, J., concur.*

ARGUED JANUARY 4, 1978 — DECIDED
APRIL 11, 1978.

*Downey, Cleveland & Moore, Robert H. Cleveland,
Joseph C. Parker,* for appellants.
*Horton J. Greene,* for appellees.