### 33728. MATHEWS v. PENLEY et al.

BOWLES, Justice.

This appeal is from a verdict and judgment entered thereon declaring title to a certain tract of land to rest in appellee, Donald W. Penley. This case arose in 1970 when appellant, John J. Mathews, filed a suit in ejectment against Penley's tenant, Jerry R. Brown, seeking to establish his claim of title to the real property occupied by the tenant and also seeking mesne profits. The tenant answered that he was in possession under his landlord who had an outstanding paramount title to the property superior to that of appellant. Penley was not made a party to the case, but defended the case in his tenant's name. Appellant filed a motion for summary judgment which was denied in the trial court. Upon obtaining a certificate, he appealed the denial to this court in *Mathews v. Brown,* 235 Ga. 454 (219 SE2d 701) (1975). We there held, in affirming the trial court's denial of summary judgment, that Penley, as the real claimant, should be made a formal party to the case.

The case proceeded in the trial court. The evidence presented showed that on March 9, 1959, appellee Penley took from Ruby L. Mathews, executrix of the estate of Bertha L. Ward and from Robert E. Mathews, for consideration, a warranty deed to a portion of property

located on Ballard Road in Forest Park, Georgia. Robert E. Mathews held title to the land as devisee under the will of Bertha L. Ward. On October 6, 1960, a corrective deed from Ruby L. Mathews and Robert E. Mathews was issued to Penley, more correctly describing the property purchased by him. Both deeds were duly recorded. Penley, subsequent to the purchase, built a house upon the property which he was renting to Brown at the time suit was filed.

Appellant claimed the same tract of land by deed. In support of his suit in ejectment, he offered a deed from Bertha L. Ward to himself dated June 28, 1955, but not recorded until March 28, 1969.

The jury, after hearing the evidence, returned a verdict in favor of appellee Penley. The trial judge entered his judgment on the verdict, attaching a plat as part of the judgment by reference.

We affirm.

1. Appellant complains that the trial court erred in admitting into evidence over objection, testimony regarding the last will and testament of Bertha L. Ward. As appellee's grantor claimed title under the document, it was relevant evidence and properly admitted.

2. In enumerations of error 2, 3 and 4 appellant complains of the trial court's failure to charge, as requested, on comparison of signatures and on the plaintiff's contentions in the case as contained in the pleadings.

From our review of the record we find that there was no attempt by either party to compare the signatures of Bertha L. Ward as found on her will and on the deed to appellant. Therefore, the charge as requested was irrelevant and properly refused. *Smith v. Smith,* 143 Ga. 837 (85 SE 1034) (1915); *Thomas v. Thomas,* 233 Ga. 916 (213 SE2d 877) (1975).

In any event, after the conclusion of the trial court's charge to the jury, appellant's attorney was asked if there were any objections to the charge. He replied, "No objections." A party in a civil case cannot complain of the giving or failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict,

unless it appears that the error contended is blatantly apparent and prejudicial. Code Ann. § 70-207; *Sullens v. Sullens,* 236 Ga. 645 (224 SE2d 921) (1976). We find no error.

Considering the charge to the jury as a whole, we find the contentions of both parties adequately set forth.

3. Appellant complains that the court erred in incorporating into its judgment the unproven plat of the disputed property. Although the plat itself was not introduced into evidence, there was sufficient evidence produced at trial to identify the disputed tract of land. The trial judge, by attaching the plat, molded the verdict so as to do full justice to the parties as he is authorized to do under Code Ann. § 110-106. *Swicord v. Hester,* 240 Ga. 484 (4) (241 SE2d 242) (1978). We find no error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 16, 1978 — DECIDED SEPTEMBER 6, 1978 — REHEARING DENIED SEPTEMBER 26, 1978.

*Oze R. Horton,* for appellant.
*Thomas K. McWhorter,* for appellees.