69956. BALDWIN v. ASSOCIATES FINANCIAL SERVICES OF AMERICA, INC.
(332 SE2d 21)

BENHAM, Judge.

In November 1981, appellee made a loan to appellant and her now-deceased husband, who secured the loan with a deed of trust on

their home. In August 1982, shortly after the death of her husband, appellant was told that, contrary to her belief, no credit life insurance had been procured with regard to the loan. She was told by appellee's agent that her age and that of her husband at the time the loan was scheduled to mature rendered them ineligible for credit life insurance. Appellant subsequently filed this lawsuit against appellee, contending that appellee was negligent in its failure to procure the credit life insurance. A jury trial resulted in a verdict in favor of appellee and judgment was entered accordingly. Citing two errors, appellant brings this appeal from the judgment entered against her.

1. After hearing a proffer of evidence, the trial court refused to permit appellant to present to the jury testimony attempting to establish the custom and practice of the finance industry concerning the availability of credit life insurance to loan applicants. The trial court was correct in its refusal to admit the proffered testimony. The issue at trial was not the propriety of appellee's practice of considering a loan applicant's age at loan maturity to determine the availability of credit life insurance for that applicant; rather, the issue was whether appellee's agents had told appellant she had the desired coverage when, according to the loan documents, she did not. An objection to irrelevant testimony is properly sustained. See *Van Gundy v. Wilson*, 84 Ga. App. 429 (Hn. 2) (66 SE2d 93) (1951). Furthermore, the testimony proffered concerned one man's managerial experience with four or five lending institutions, none of which was appellee, and the witness acknowledged that he was not aware of the practices of appellee's insurance provider.

2. Appellant also asserts as error the trial court's inclusion of a charge on contributory negligence and its failure to charge on comparative negligence. No objection having been raised at trial and no substantial error, harmful as a matter of law, having been discovered in the charge as given, we find no reversible error. OCGA § 5-5-24 (a), (c); *Mathews v. Penley*, 242 Ga. 192 (2) (249 SE2d 552) (1978).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MAY 20, 1985.

*Christopher A. Frazier*, for appellant.
*Floyd Farless*, for appellee.