77045. MORRIS-BANCROFT PAPER COMPANY, INC.
v. COLEMAN.
(374 SE2d 544)

CARLEY, Judge.

Appellee-plaintiff was injured by chlorine gas which leaked from the cylinder in which it was stored. Alleging negligence, appellee brought suit and named the appellant-distributor of the cylinder of chlorine gas as one of the defendants. The trial court denied appellant's motion for summary judgment, but certified its order for immediate review. This appeal results from the grant of appellant's application for an interlocutory appeal from the denial of its motion for summary judgment.

Appellant enumerates the denial of its motion for summary judgment as error, urging that, under the evidence of record, no genuine issue of material fact remains as to its liability. In support of its motion, appellant did not rely solely upon the results of the discovery

process, but also offered the affidavit of its president and the affidavit of an expert. Appellee offered no additional evidence in opposition to appellant's motion. Accordingly, if, as appellant asserts, the evidence of record, including but not limited to the affidavits submitted by appellant, was sufficient to pierce the allegations of the complaint so as "to establish as a matter of law that [appellee] could not recover under any theory fairly drawn from the pleadings and the evidence," then it was error for the trial court to deny the motion for summary judgment. *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981).

In urging that its motion was erroneously denied, appellant places great reliance upon the affidavit of its president. OCGA § 9-11-56 (e) mandates that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." At the outset, however, the affidavit of appellant's president contains the statement that "the following facts are true and correct to the *best of his knowledge and belief*." (Emphasis supplied.) This statement clearly does not evince compliance with the "personal knowledge" requirement of OCGA § 9-11-56 (e). "An affidavit based upon 'the best of his knowledge and belief' is nothing more than the affiant's opinion given *without any* demonstrated basis of knowledge. [Cit.]" (Emphasis supplied.) *Planters Rural Tel. Coop. v. Chance*, 108 Ga. App. 146, 147-148 (2) (132 SE2d 90) (1963). " 'It is basic that unsworn allegations are not evidence; nor do they rise to that level when accompanied by an affidavit made, not upon personal knowledge, but upon the "best of (affiant's) knowledge," which is just a variation of our old friend "information and belief." [Cits.]' [Cit.]" *Spires v. Relco, Inc.*, 165 Ga. App. 4, 5 (2) (299 SE2d 58) (1983). "Every [item set forth as a fact] in the [affidavit] may be false, and yet each one may be true to the best of the knowledge and belief of the affiant." *Bryan v. Ponder*, 23 Ga. 480, 484 (1857).

Accordingly, the issue for determination is whether, notwithstanding the affiant's initial ineffectual reference to "the best of [his] knowledge and belief," the affidavit of appellant's president *otherwise* evinces compliance with the "personal knowledge" requirement of OCGA § 9-11-56 (e). This requires a consideration of each of the specific "facts" set forth in the affidavit. "The 'personal knowledge' requirement set forth in OCGA § 9-11-56 (e) ([cit.]) is met 'where the contents of the [affidavit] indicate that material parts of it are statements within the personal knowledge of the [affiant],' as opposed to being made upon information and belief. [Cit.]" *Logan v. American Bankers &c. Co.*, 168 Ga. App. 647, 649 (1) (310 SE2d 263) (1983). In addition to the affiant's initial statement, the following general state-

ment was subsequently made in the body of his affidavit: "The facts contained in this affidavit are made from my own personal knowledge *and* from my capacity with [appellant.]" (Emphasis supplied.) From a review of the specific "facts" set forth in the affidavit, however, it is not possible to ascertain which of them are conclusively based upon the affiant's personal knowledge and which of them may be based merely upon information that he received, in his capacity as appellant's president, from a source other than his own personal knowledge. Compare *Spires v. Relco, Inc.*, supra; *Smith v. Gibbs*, 145 Ga. App. 647 (244 SE2d 615) (1978); *Smith v. Ragan*, 140 Ga. App. 33, 34 (1) (230 SE2d 89) (1976). Moreover, when consideration is given to the *other* evidence of record, it would appear that a considerable number of the material "facts" set forth in the affidavit of appellant's president are more than likely based upon his mere capacity as an officer of appellant rather than upon his personal knowledge. Those "facts" are entitled to no evidentiary consideration on the motion for summary judgment. "If it appears that any portion of the affidavit was not made upon the affiant's personal knowledge, or if it does not affirmatively appear that it was so made, that portion is to be disregarded in considering the affidavit in connection with the motion for summary judgment." *Chandler v. Gately*, 119 Ga. App. 513-514 (1a) (167 SE2d 697) (1969).

When those portions of the affidavit of appellant's president which do not affirmatively appear to have been made on his personal knowledge are disregarded, it cannot be said that a genuine issue of material fact does not remain as to appellant's liability in negligence for appellee's injury. Construing the evidence of record most strongly against appellant, as the movant for summary judgment, its alleged negligent handling of the cylinder has not been eliminated as the proximate cause of the leak, and, consequently, as the proximate cause of appellee's injuries. Compare *Pierce v. Liberty Furn. Co.*, 141 Ga. App. 175 (2) (233 SE2d 33) (1977). Accordingly, the trial court correctly denied appellant's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 27, 1988 —
REHEARING DENIED OCTOBER 17, 1988

*Marvin W. McGahee*, for appellant.
*Edward E. Boshears, Donna L. Crossland*, for appellee.